98 So.2d 506 (1957)
Mack JONES, Alvin Gorton, Herman Hastings, Dawson McDaniel, Wilson Pigott, as and constituting the Board of County Commissioners of Lee County, Florida, and Archie Odom and Frank Pavese, Petitioners,
v.
Alice JOHNSON et al., Respondents.
No. 186.
District Court of Appeal of Florida. Second District.
November 22, 1957.
W.H. Carmine, Jr., Fort Myers, for petitioners.
William Lamar Rose, Fort Myers, for respondents.
PER CURIAM.
The petition herein, for writ of certiorari, requests this court to review an order of the Judge of the Twelfth Circuit, which denied a motion of the petitioners, defendants below, to dismiss the second amended complaint of the respondents, plaintiffs below.
The respondents, in their brief, submitted the following question:
"Is a Petition for Writ of Certiorari the Correct Procedure for Obtaining Relief from an Adverse Interlocutory Order in Equity by a Lower Court under the Florida Appellate Rules which Became Effective July 1, 1957?"
Florida Appellate Rules, which became effective July 1, 1957, Rule 3.1, provides:
"Except where petitions for certiorari are permitted by law or by these rules, all appellate review shall be by appeal."
Rule 4.2 "Interlocutory Appeals", paragraph (a), provides:
"Appeals from interlocutory orders or decrees in equity, orders or decrees entered after final decree, and orders at common law relating to venue or jurisdiction over the person, may be prosecuted in accordance with this rule; provided that nothing contained in this rule shall preclude the review of such orders and decrees on appeal from the final decree in the cause."
It will be seen from the two above rules that interlocutory appeals must now be prosecuted by appeal and not by a petition for certiorari.
The Supreme Court of Florida, in the case of Bartow Growers Processing Corporation v. Florida Growers Processing Cooperative, Fla. 1954, 71 So.2d 165 held:
"Despite statute providing that an appeal improvidently taken may be *507 treated as a petition for certiorari, petition for certiorari which was filed to review an order which was reviewable only by appeal could not be treated as an appeal."
Since the order here involved should have been brought to us for review by an interlocutory appeal instead of by petition for writ of certiorari, we must deny such petition.
Petition denied.
KANNER, C.J., ALLEN, J., and STEPHENSON, Associate Judge, concur.