104 So.2d 69 (1958)
Chester A. FORT, Jr., Petitioner,
v.
Anne Burton FORT, Respondent.
No. A-302.
District Court of Appeal of Florida. First District.
June 17, 1958.
Rehearing Denied July 15, 1958.
Smith & Axtell, Jacksonville, for petitioner.
Greene, Ayres & Greene, Ocala, for respondent.
WIGGINTON, Judge.
This cause comes before us on petition for writ of certiorari to review an order entered after final decree in a divorce proceeding and pursuant to a motion by defendant-petitioner seeking reduction of alimony. Petitioner here contends error in that the testimony and evidence adduced clearly demonstrate that plaintiff-respondent has no further need for alimony, and that his physical condition and earning capacity are shown to be such that he is unable to make alimony payments in the amount required by the court's decree as subsequently modified.
We are immediately faced with a question as to the propriety of petitioner's use of certiorari to obtain review of a Chancellor's post final decree order. It is contended that this right exists by virtue of F.S. § 59.02(3), F.S.A., which provides for review of interlocutory orders and decrees in equity by proceedings in the nature of certiorari.
Section 3 of Article V of the Florida Constitution, as amended in 1956, F.S.A., provides that the practice and procedure in all the courts of this State shall be governed by rules adopted by the Supreme Court. Pursuant to this authority our Supreme Court, by order entered June 18, 1957, adopted rules governing appellate review of orders, judgments and decrees entered by trial courts, and administrative boards and agencies, effective July 1, 1957. *70 31 F.S.A. Rule 1.4, F.A.R., provides that all statutes not superseded thereby or in conflict therewith shall remain in effect as rules promulgated by the Court. Rule 4.2, subd. a, F.A.R., provides for: "Appeals from interlocutory orders or decrees in equity orders or decrees entered after final decree, and orders at common law relating to venue or jurisdiction over the person * * *" The remaining provisions of Rule 4.2, F.A.R., set forth the mechanics by which review of such orders may be obtained. Giving force and effect to the constitutional mandate hereinabove set forth and the rules promulgated thereunder it becomes clear that orders of the type now under consideration can no longer be reviewed by certiorari under § 59.02(3), F.S. The statute, being in conflict with the rules, must be considered superseded. Furthermore, there being an adequate remedy by appeal provided within the rules, a party seeking review of an order such as that presented here cannot avail himself of this court's certiorari powers under Article V, § 5(3), of the Florida Constitution. This is so for the reason that the constitutional or common law writ properly lies only in those cases in which it clearly appears there is no other full, adequate and complete remedy available to the petitioner.[1]
Lastly, we are urged to treat the petition here as an interlocutory appeal under F.S. § 59.45, F.S.A., which provides that an appeal improvidently taken may be treated as a petition for writ of certiorari. It must be noted that the statute does not authorize the reverse; that is, we are not authorized to treat an improvident petition for writ of certiorari as an appeal. Therefore, notwithstanding this court's disposition to base its decision on the merits whenever possible, rather than on matters of procedure, we must hold that in the instant case a lack of jurisdiction prevents us from doing so.[2]
For the foregoing reasons the petition herein must be and the same is hereby dismissed.
STURGIS, C.J., and CARROLL, DONALD, K., J., concur.
NOTES
[1] See: Codomo v. Shaw, Fla. 1958, 99 So.2d 849; Pullman Co. v. Fleishel, Fla. App. 1958, 101 So.2d 188.
[2] Bartow Growers Processing Corp. v. Florida Growers Processing Co-op., Fla. 1954, 71 So.2d 165; Jones v. Johnson, Fla.App. 1957, 98 So.2d 506.