PER CURIAM.
By a petition for certiorari, review is sought of a post-final-decree order relating to the amount of alimony, following a divorce suit between the parties.
The petitioner Nelda Malone Pavey, had obtained a final decree of divorce against the respondent Curtis Pavey, Jr., in the Circuit Court for Dade County, and the husband had been required to pay the wife alimony in a certain amount.
Under circumstances not necessary to be detailed here, a modification order was rendered on November 16, 1954, reducing the alimony.
On December 19, 1958, the petitioner filed a motion in the divorce suit for further modification of the decree in certain respects, including a request for increase of alimony to restore it to the amount originally provided for. Her motion to modify was heard, and an order was rendered on January 13, 1959, providing for alimony to be paid to the petitioner in the amount of $100 per month, but denying the increase which petitioner had sought.
Two days before the end of the 60-day period allowed for appeal under the Florida Appellate Rules, the petitioner filed in this court her petition for certiorari to review the last mentioned order of the circuit court.
At the outset we are confronted with the question of jurisdiction to review the case on certiorari. The order entered on the motion or petition (filed in the original divorce suit) for modification of the final decree was a post-decree order, reviewable by interlocutory appeal under rule 4.2, Fla.App.Rules, 31 F.S.A.[1] Jones v. *591 Johnson, Fla.App.1957, 98 So.2d 506; Fort v. Fort, Fla.App.1958, 104 So.2d 69.
Provision for review of such interlocutory orders has been subject to change in recent years. Such orders formerly were reviewable by appeal. See § 4961, Comp. Gen.Laws 1927. The method of review of such interlocutory orders in equity suits was changed to certiorari by virtue of rule 34 of the Rules of Practice adopted by the Supreme Court of Florida on May 1, 1939. See, also, Fla.Stat. 59.02(3), F.S.A. Review by certiorari remained the practice under that rule, and under Supreme Court Rule 14 which became effective March 15, 1955. See Johnson v. Every, Fla.1957, 93 So.2d 390; Marshall v. Bacon, Fla.1957, 97 So.2d 252. That practice continued until July 1, 1957, when the present Florida Appellate Rules became effective and the method of review was changed thereby to interlocutory appeal, under present Fla. App.Rule 4.2.[2]
By § 59.45, Fla.Stat., F.S.A., when an appeal is improvidently taken where the remedy provided is certiorari, the appeal may be regarded as a petition for certiorari and thus duly considered by the appellate court. See Scheuermann v. Shamas, Fla.1957, 97 So.2d 314; Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1958, 104 So.2d 803. But there is no provision that allows the converse. An improvident certiorari may not be treated as an appeal. Bartow Growers Processing Corp. v. Florida Growers Processing Coop., Fla.1954, 71 So.2d 165; Jones v. Johnson, supra, Fla.App.1957, 98 So.2d 506; Fort v. Fort, supra, Fla.App.1958, 104 So.2d 69.
Certiorari was not the proper means by which to review the instant post-decretal order. This court is without jurisdiction to entertain the petition for certiorari, and the said petition is hereby dismissed.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. Rule 4.2, subcl. a relating to appeal from such orders is as follows:
“Appeals from interlocutory orders or decrees in equity, orders or decrees entered after final decree, and orders at common law relating to venue or jurisdiction over the person, may be prosecuted in accordance with this rule; pro *591 vided that nothing contained in this rule shall preclude the review of such orders and decrees on appeal from the final decree in the cause.”

. For a discussion of the former “interlocutory certiorari” practice, see Rogers & Baxter, Certiorari in Florida, 4 U.Fla. L.Rev. 477, 520-534 (1951).