116 So.2d 250 (1959)
Bruce BLOUNT et al., Appellants,
v.
L.O. HANSEN, Tax Assessor for Broward County, Florida, et al., Appellees.
No. 1299.
District Court of Appeal of Florida. Second District.
December 11, 1959.
Sullivan, Musselman, Wyckoff & Cochran, Pompano Beach, for appellants.
*251 Ross & Norman, Fort Lauderdale, for appellee, L.O. Hansen.
John U. Lloyd, Fort Lauderdale, for appellees, Burke, Salvino, Bell, Peterson & Saxon.
J.T. Chancey, Fort Lauderdale, for appellee, W.H. Meeks.
Richard W. Ervin, Atty. Gen., for appellee, Ray E. Green, Comptroller.
KANNER, Judge.
The appellants have brought their appeal to this court on the premise that the decree appealed from constitutes a final decree. This decree is termed an "Amended Final Decree." Prior to its entry the chancellor had rendered a "Final Decree" by which is revealed that the rights of all the parties to the suit had been fully adjudicated on the merits and the controversy put to an end. Following the entry of this decree the parties then appeared before the chancellor and orally stipulated that the final decree thus entered should be set aside and that an amended final decree be entered. Thereupon, the court entered the amended final decree, being the decree from which this appeal is taken. The amended final decree specifically set aside and annulled the final decree in its entirety. By this decree the chancellor as a matter of law determined the construction of a statute involved and nothing else and expressly provided, "All other matters involved in this cause are reserved for further determination by the court."
In general contemplation a final decree as it concerns mode of review decides and disposes of the cause on its merits, leaving no questions open for judicial determination except the execution or enforcement of the decree if necessary. Thus the distinguishing feature between an "Interlocutory Decree" and a "Final Decree" may be said that an interlocutory decree is one that is rendered in the middle of the cause and which does not finally determine or complete the cause; while a final decree is one that determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done in the cause as distinguished from beyond the cause. The test, therefore, of a final decree is whether the judicial labor is at an end. Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175; Alderman v. Puritan Dairy, 1940, 145 Fla. 292, 199 So. 44, and Olin's, Inc. v. Avis Rental Car System of Florida, Inc., Fla. App. 1958, 100 So.2d 825.
It is clearly apparent that the cause has not been decided and disposed of on its merits, leaving no question open for judicial determination. The order appealed from is interlocutory. Hence, the appeal is dismissed sua sponte by this court.
Dismissed.
ALLEN, C.J., and SHANNON, J., concur.