PER CURIAM.
The plaintiff appeals from an order denying a motion for non-suit and reinstating a final judgment theretofore entered in a common law action.
The plaintiff’s complaint was for money damages occasioned by the alleged tortious acts of the defendant which, it was claimed, resulted in damage in the amount of $409.-25. The use-plaintiff here alleged payment of $409.25 and that it was subrogated to the extent of such payment to the rights of the payee. A default judgment was rendered against defendant. Thereafter, a motion was made to set aside the default and it was denied. Thereupon, the defendant moved the court to enter judgment in favor of the plaintiff for the amount claimed in the plaintiff’s complaint for the reason that it (defendant) was unable to controvert the amount of damages claimed. Upon this latter motion, final judgment was entered in favor of the plaintiff on June 10, 1959, for the amount of $409.25, plus costs. This judgment was subsequently vacated on June 25, 1959, upon motion of the plaintiff served thirteen days after the rendition of the judgment. The plaintiff then moved for a non-suit and the defendant renewed its motion for the entry of the judgment in the plaintiff’s favor. On September 17, 1959, the trial court entered the order appealed.
Without going into the merits of the questions raised by the appellant, we note a serious jurisdictional defect which will require dismissal of this appeal.
It would appear that the order sought to be reviewed is one entered subsequent to the final judgment and consequently, under the rule recently enunciated in Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648 would not be subject to review by direct appeal. The order would not be subject to review under Rule 4.2, Florida Appellate Rules, 31 F.S.A., for the reason that it does not pertain to venue or jurisdiction over the person. Consequently, the only basis on which the order could possibly be reviewed is by petition for common law writ of certiorari. On that basis, the order is not one entitled to review by common law certiorari for the reason that it does not appear that the court exceeded its jurisdiction or that the questioned order did not comply with the essential requirements of the law.
Concluding as we have that the order is not subject to review, it follows that this appeal should be and it is hereby dismissed.
*310 HORTON, C. J., and PEARSON, J., and ODOM, ARCHIE M., Associate Judge, concur.