128 So.2d 759 (1961)
In re Karen Alice CREPALDI, a minor, by her Mother as Next Friend, Mildred J. Tutor, Appellants,
v.
Maurice WAGNER, Appellee.
No. C-217.
District Court of Appeal of Florida. First District.
April 20, 1961.
Richard E. Conner, New Smyrna Beach, for appellants.
Richard D. Bertone and Maurice Wagner, Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
This is an appeal from an order granting defendant's motion for summary decree. Appellant contends that the chancellor erred in holding upon the record that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law.
The case is now before us on appellee's motion to dismiss the appeal. It is his contention that the order is not a final decree from which appeal on the merits may be properly taken, and therefore this court lacks jurisdiction to review the questions presented by appellants' brief.
The notice of appeal recites that the appeal is taken to review the order entered by the chancellor granting defendant's motion for summary decree. The order in question is as follows:
"This cause came on this day to be heard upon Defendant's Motion for Summary Decree and the Court having heard the argument of counsel and having examined the record and it *760 appearing that there is no genuine issue as to any material fact and that Defendant is entitled to a Judgment; and the Court being fully advised in the premises, it is upon consideration thereof.
"Ordered, Adjudged and Decreed that Defendant's Motion for Summary Decree be and is hereby granted."
It is obvious from an examination of the foregoing order that it is interlocutory in character, and in no sense constitutes a summary final decree on the merits of the cause. Appellee is therefore correct in asserting that the procedure prescribed for appeals from final decrees is the improper procedure for reviewing the correctness of the order in question. This, however, does not constitute grounds for dismissal of the appeal.
The suit in question was instituted in the Circuit Court of Volusia County, seeking to have appellee adjudged to be the father of plaintiff's child born out of wedlock. Although the proceeding is statutory in origin, it is nevertheless instituted and maintained on the equity side of the court.[1] Since the order appealed was entered in equity prior to the rendition of the final decree, it is interlocutory in character and reviewable only by interlocutory appeal.[2] The question presented is whether an appeal from an interlocutory order entered in equity may in the exercise of this court's discretion be treated and considered as an interlocutory appeal, even though not designated as such in the notice of appeal as required by the appropriate rules of appellate procedure.[3]
Prior to the adoption of the present Florida Appellate Rules which became effective on July 1, 1957, interlocutory orders entered in equity were reviewable under Supreme Court Rule 14 by proceedings in the nature of certiorari. In construing the appellate rules then in effect the Supreme Court held that an appeal from an interlocutory order entered in equity, though improvidently taken, may be treated and disposed of as a proceeding in the nature of certiorari.[4] By the same token an appeal improvidently taken from an interlocutory order entered in equity under the appellate rules now in effect may likewise be treated and disposed of as an interlocutory appeal, the latter being the current counterpart of the former proceedings in the nature of certiorari. This is consistent with the prior holding of this court that an appeal improvidently taken from an order reviewable only by certiorari may be treated as a petition for certiorari, and disposed of in accordance with the rules of law pertaining to that type of proceeding.[5]
In exercising our discretion to treat this appeal as an interlocutory appeal within the purview of the appellate rules, we do not wish to be understood as condoning violations or departures from the rules which require that appeals of this nature be clearly designated as such in the notice of appeal.[6] Since this review is being treated and considered as an interlocutory appeal, the only order or ruling eligible for consideration is the order granting appellee's motion for summary decree as described and identified in the notice of appeal. No other orders or rulings of the chancellor rendered during the course of the proceeding *761 and specified in the assignments of error may be considered.[7]
The appeal from the order granting defendant's motion for summary decree is treated as an interlocutory appeal, and the motion to dismiss the same is hereby denied.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] "Any unmarried woman who shall be pregnant or delivered of a bastard child, may bring proceeding in the circuit court, in chancery, to determine the paternity of such child." F.S. Sec. 742.011, F.S.A.
[2] Rule 4.2, subd. a, F.A.R., 31 F.S.A.
[3] Rule 4.2, subd. b, F.A.R.
[4] Borras v. Allered, Fla. 1952, 58 So.2d 152.
[5] Ludwig et al. v. Cochran, Fla.App. 1959, 114 So.2d 484; Everett v. Mann, Fla. App. 1959, 113 So.2d 758.
[6] Rule 4.2, subd. b, F.A.R.
[7] Local Lodge Number 1248 of International Association of Machinists et al. v. St. Regis Paper Company, Fla.App. 1960, 125 So.2d 337.