136 So.2d 253 (1962)
Edward M. SHANNON, Appellant,
v.
Winnifred B. SHANNON, Appellee.
No. D-89.
District Court of Appeal of Florida. First District.
January 9, 1962.
*254 Robinson & Randle, Jacksonville, for appellant.
John S. Duss, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant has appealed from a decree in equity entered after a final decree of divorce.
The procedure followed by appellant is as prescribed by Rule 3 of the Florida Appellate Rules, 31 F.S.A., for review of final decrees and judgments. Appellee has moved to dismiss the appeal on the ground that the questioned decree is interlocutory in character, and that the only appropriate method for reviewing this type of decree is by interlocutory appeal in accordance with the procedure prescribed by Rule 4.2, Florida Appellate Rules. The question raised is one of jurisdiction.
The decree appealed culminated a proceeding brought by the former wife seeking enforcement of the provisions of the final decree with respect to the payment of alimony. In addition to her prayer for enforcement of the alimony provision of the decree, appellee alleged that certain expenditures had been made by her for the purpose of improving the home awarded to her in the final decree for her use and that of the children born of this marriage. The theory of appellee's petition is that the expenditures were necessary, and that the value of the improvements has accrued to the benefit of appellant who owns a one-half interest in the property as a tenant in common. She contends that on the theory *255 of unjust enrichment he should be required to pay his share of the cost of making these improvements. By the order appealed the chancellor denied that part of appellee's petition praying for enforcement of the alimony provisions of the decree, but did award to her a sum equivalent to one-half of the value of the improvements which she made in the home property jointly owned by the parties.
The jurisdiction of District Courts of Appeal in this state is restricted to the types of appeals prescribed by the Constitution. Appeals from trial courts in each appellate district, and from final orders or decrees of County Judge's Courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district from all final judgments or decrees except those from which appeals may be taken direct to the Supreme Court or to a circuit court.[1] The Constitution further specifies that the Supreme Court may provide by rule for review by District Courts of Appeal of interlocutory orders or decrees in matters properly reviewable by those courts.[2]
From the foregoing provisions of the Constitution it is seen that with respect to review of judicial orders, judgments and decrees, the jurisdiction of District Courts of Appeal is restricted to appeals from final judgments or decrees entered in trial courts, and appeals from interlocutory orders in accordance with procedure to be prescribed by rules adopted by the Supreme Court. The Supreme Court, in accordance with the authority vested in it by the Constitution,[3] has adopted Rule 3 of the Florida Appellate Rules, which prescribes the procedure to be followed in obtaining appellate review of final decrees and judgments of various trial courts of the state. The Supreme Court has also implemented the above mentioned section of the Constitution relating to appellate review of interlocutory orders and decrees by the adoption of Rule 4.2, Florida Appellate Rules. This rule provides that appeals from interlocutory orders or decrees in equity, orders or decrees entered after final decree, and orders at common law relating to venue or jurisdiction over the person may be prosecuted in accordance with that rule. The time for perfecting an appellate review of the orders and decrees specified in this rule, and the mechanics to be followed in obtaining such review, are different in several material respects from the time and method of obtaining appellate review of final decrees and judgments as specified in Rule 3 of the Rules. It is thus seen that under Rule 4.2 relating to interlocutory appeals, appellate review may be obtained of interlocutory orders or decrees in equity as well as orders or decrees entered after final decree. The decree appealed in this case being one in equity entered after final decree, we are faced with the question of whether Rule 4.2 provides the exclusive method for reviewing this type of decree, or whether it may properly be reviewed in accordance with the procedure prescribed by Rule 3 relating to appeals from final judgments and decrees.
A decree has been defined as a judgment rendered by a court of equity[4]. It has likewise been held that all decrees are either interlocutory or final.[5] A final decree has been defined as a judgment of a court of equity which concludes the litigation on the merits of the cause and leaves no question open for future determination.[6] *256 An interlocutory decree is one which is only intermediate in character and does not finally determine or complete the suit but which leaves some question in the case open for future determination.[7]
Orders or decrees entered after final decree as particularized in Rule 4.2 relating to interlocutory appeals have no special characteristics except that they are rendered in the cause upon some proper proceeding initiated subsequent to the final decree entered therein. Such orders or decrees may be either interlocutory or final in nature. As said by Judge Kanner in the Thomas case, "Not all orders entered subsequent to final decree are interlocutory, but in a proper case an order entered after final decree may of itself constitute a distinct adjudication so final in nature as to partake of the character of a final decree and may, therefore, sustain an appeal."[8] The foregoing principle is in conformity with the holding of the Supreme Court in Hollywood, Inc., where it is said: "An appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit, making necessary a substantive and important order or decree, when such order or decree partakes of the nature of a final decision of those rights."[9]
From the foregoing it appears that the only jurisdiction possessed by a District Court of Appeal to review an interlocutory order entered in a suit in equity, whether entered before or after final decree, is in accordance with the procedure prescribed by the Supreme Court and contained in Rule 4.2, Florida Appellate Rules, relating to interlocutory appeals. For illustration, an order or decree entered after final decree relating to alimony or child custody, being subject to future modification, is interlocutory in character and reviewable only by interlocutory appeal under Rule 4.2. It seems equally clear, however, that with respect to decrees in equity which possess the characteristics of final decrees, two distinct methods of review are prescribed by the rules of procedure. If the decree is entered at the conclusion of the litigation and disposes of the merits of the cause, leaving no issue open for further determination, the appellate review must be obtained in accordance with the procedure set forth in Rule 3, Florida Appellate Rules. If, however, the decree is final in nature, but is entered subsequent to the rendition of the final decree in the cause, the party aggrieved has the option of obtaining review of such decree by either one of two methods. Such final decree may be reviewed as such in accordance with the procedure prescribed by Rule 3, Florida Appellate Rules, relating to appeals from final decrees in equity. In the alternative, the decree may be treated as one rendered after final decree and properly reviewed by appeal in accordance with the procedure prescribed by Rule 4.2, relating to interlocutory appeals. This conclusion is impelled by use of the word "may" as contained in Rule 4.2, which rule in substance provides that appeals from decrees entered after final decree "may" be prosecuted in accordance with this rule. By using the permissive word "may", it was the apparent intent of the framers of this rule to permit an aggrieved party the option of seeking review of this type decree entered after final decree either in accordance with the method prescribed by Rule 3, or in accordance with the method prescribed by Rule 4.2.
In order to properly determine the question now before this court on appellee's motion to dismiss, we must decide whether the order appealed is a final decree within the definition of that term recognized by the decisions rendered in this state, or whether it is strictly interlocutory in character. *257 Considering the circumstances of the proceeding as outlined in the forepart of this opinion, it is our conclusion that the decree possesses all the characteristics of a final decree. It fully adjudicates the merits of the petition brought by the wife as regards her claim for contribution from the husband for his share of the cost of improvements made by her in the family home. This issue has now been concluded by the court's decree, and nothing further remains to be done with respect to the controversy. This being the case, the appellant had a choice of obtaining review of the questioned decree either pursuant to the procedure outlined in Rule 3 relating to appeals from final decrees in equity, or he might have sought review in accordance with the procedure prescribed by Rule 4.2, relating to interlocutory appeals. Having followed the former course of procedure, the appeal as taken comes within the proper constitutional jurisdiction of this court, and the motion to dismiss the appeal is therefore not well taken.
An order denying appellee's motion to dismiss the appeal will be entered.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] Florida Constitution, Art. V, Sec. 5(3), F.S.A.
[2] See Footnote #1.
[3] Florida Constitution, Art. V, Sec. 3.
[4] Alford v. Leonard, 88 Fla. 532, 102 So. 885; Darden v. Lines, 2 Fla. 569.
[5] Darden v. Lines, 2 Fla. 569.
[6] Blount et al. v. Hansen, (Fla.App. 1959) 116 So.2d 250; First National Bank of Tampa v. Culbreath, 144 Fla. 526, 198 So. 199: Bancroft v. Allen, 138 Fla. 841, 190 So. 885.
[7] Blount et al. v. Hansen, (Fla.App. 1959) 116 So.2d 250; Dunscombe v. Smith, 139 Fla. 497, 190 So. 796.
[8] Thomas v. Cilbe, Inc., (Fla.App. 1958) 104 So.2d 397, 399.
[9] Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175, 182.