PER CURIAM.
Frank K. Finneran has sought, by full appeal, reversal of a post-decretal order increasing his payments for support of his minor children and denying his petition to modify the earlier support order regarding the former marital home. The respondent-appellee moved to dismiss the appeal, *845 grounding her motion on the following points:
1. That the appellant has taken a full appeal from a post-decretal order contrary to Rule 4.2(a), Florida Appellate Rules of Procedure, which requires an interlocutory appeal;
2. That the appellant prepared his record on appeal contrary to Rule 4.2(c);
3. That the appellant failed to file his main‘brief within 15 days after filing his notice of appeal contrary to Rule 4.2(e) ; and
4. That appellant has failed to designate his appeal as interlocutory, contrary to Rule 4.2(a).
The parties were divorced on October 5, 1959. The final decree ordered the appellant to pay for the support and maintenance of the minor children at the rate of ■$65.00 per month for each child. By subsequent order of July 20, 1961 the chancellor increased the support payments to '$80.00 per child each month. From that order this appeal was taken. This order ■was, as stated, a post-decretal order, and as such it was reviewable by interlocutory appeal under Rule 4.2, Florida Appellate Rules, 31 F.S.A. See Pavey v. Pavey, Fla. App.1959, 112 So.2d 589; Fort v. Fort, Fla.App.1958, 104 So.2d 69.
Rule 4.2, Interlocutory Appeals, provides :
[a] “Appeals from interlocutory orders or decrees in equity, orders or decrees entered after final decree, and ■orders at common law relating to venue or jurisdiction over the person, may be prosecuted in accordance with this rule; provided that nothing contained in this rule shall preclude the review of such orders and decrees on appeal from the final decree in the cause.”
In Fort v. Fort, supra, after a final decree of divorce, defendant sought reduction ■of alimony. The motion was denied and defendant petitioned for certiorari. The First District Court of Appeal held that in view of Rule 4.2(a), supra, such orders are no longer reviewable by certiorari. That case went on to hold that Fla.Stat. § 59.02(3), F.S.A., being in conflict with the appellate rules, must be considered superseded. The court said:
“ * * * we are not authorized to treat an improvident petition for writ of certiorari as an appeal. Therefore, notwithstanding this court’s disposition to base its decision on the merits whenever possible, rather than on matters of procedure, we must hold that in the instant case a lack of jurisdiction prevents us from doing so.”
In Hoedl v. Adams Engineering Company, Inc., Fla.App. 1960, 125 So.2d 308, the court was asked to review an order denying a nonsuit and reinstating a final judgment in a tort action at law. The appellant filed an appeal whereas she should have petitioned for certiorari. The court said:
“It would appear that the order sought to be reviewed is one entered subsequent to the final judgment and consequently, under the rule recently enunciated in Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648 would not be subject to review by direct appeal.” (Emphasis ours)
In Pavey v. Pavey, supra, the former wife moved for modification of a divorce decree to obtain an increase of alimony. Two days before the end of the 60-day period allowed for appeal she filed a petition for review by certiorari. The Third District Court of Appeal gave a brief history of the provisions for review of such orders:
“Provision for review of such interlocutory orders has been subject to change in recent years. Such orders formerly were reviewable by appeal. See § 4961, Comp.Gen.Laws 1927. The method of review of such inter *846 locutory orders in equity suits was changed to certiorari by virtue of Rule 34 of the Rules of Practice adopted by the Supreme Court of Florida on May 1, 1939. See, also, Fla.Stat. 59.02(3), F.S.A. Review by certiorari remained the practice under that rule, and under Supreme Court Rule 14 which became effective March , 15, 1955. See Johnson v. Every, Fla.1957, 93 So.2d 390; Marshall v. Bacon, Fla.1957, 97 So.2d 252. That practice continued until July 1, 1957, when the present Florida Appellate Rules became effective and the method of review was changed thereby to interlocutory appeal, under present Fla.App. Rule 42.” (Emphasis added)
Although the quoted decisions do not all deal with the exact situation here presented, they reflect the disposition of the courts to confine appellate procedures' strictly within the categories defined by the rules.
There are material procedural differences between interlocutory appeals under Rule 4.2 and appeals under Rule 3.2, Florida Appellate Rules. An interlocutory decree is only intermediate in character and does not finally determine or complete the suit but leaves some question in the case open for future determination. Blount et al. v. Hansen, Fla.App.1959, 116 So.2d 250. Not all orders entered subsequent to final decree are interlocutory. In a proper case an order entered after final decree may of itself constitute a distinct adjudication so final in nature as to partake of the character of a final decree and may, therefore, sustain a full appeal. Thomas v. Cilbe, Inc., Fla.App.1958, 104 So.2d 397.
In an opinion filed January 9, 1962, the District Court of Appeal, First District, in Shannon v. Shannon, Case No. D-89, 136 So.2d 253, recognized the foregoing distinctions in considering an order entered subsequent to final decree but found that the order in that case constituted a distinct adjudication so final in nature as to partake of the character of a final decree, thereby sustaining an appeal under Rule 3.2.
In construing Rules 3.2 and 4.2 in relation to the pending motion, we come to this conclusion: that the order in question is an interlocutory decree and not a final decree and that this appeal therefrom, taken under Rule 3.2, must be dismissed. The motion to dismiss is granted.
Appeal dismissed.
SHANNON, C. J., and SMITH and WHITE, JJ., concur.