ALLEN, Judge.
The appellees have moved to dismiss this appeal upon the ground that the appellants are proceeding under Rule 3.2, Florida Appellate Rules, 31 F.S.A., governing final appeals, rather than Rule 4.2, governing interlocutory appeals.
A final decree of foreclosure was rendered in the above entitled cause on March 19, 1964. Subsequently, in September of 1964, motion was made for a deficiency judgment, which was denied. It was from the order denying a deficiency decree that appellants appeal.
The appellees, in their briefs submitted with their motion to dismiss, cite the case of Finneran v. Finneran, Fla.App.1962, 137 So.2d 844, as authority for dismissal. In Finneran, the Circuit Court of Pinellas County entered a post-decretal order, and the appellant, Frank Finneran, sought by full appeal a reversal of this post-decretal order. Mrs. Finneran, the appellee, filed a motion to dismiss on the ground that an appeal should have been taken in accordance with the rule governing interlocutory appeals. This court dismissed the appeal saying:
“In construing Rules 3.2 and 4.2 in relation to the pending motion, we come to this conclusion: that the order in question is an interlocutory decree and not a final decree and that this appeal therefrom, taken under Rule 3.2, must be dismissed. The motion to dismiss is granted.”
We recede from that part of our decision in Finneran to the effect that such an appeal must be dismissed. We do not consider the form an appeal takes, whether final or interlocutory, to be jurisdictional. We adopt the rule set forth in Crepaldi v. Wagner, Fla.App.1961, 128 So.2d 759, wherein the First District Court of Appeal, in an opinion written by Judge Wigginton, then Chief Judge, held that where a full appeal had been taken, when the appeal was interlocutory in character, the District Court of Appeal, in exercise of its discretion, could treat and consider the appeal as an interlocutory appeal, even though not designated as such in the notice of appeal as required by the appropriate rules of appellate procedure. See also Lane v. Exmoor School, Inc., Fla.App.1961, 128 So.2d 773.
Florida Appellate Rule 4.2 provides:
“Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person, appeals to the appropriate court from interlocutory orders or decrees in equity and orders, judgments or decrees entered in law or equity after final judgment or decree, except those relating to motions for new trial or reconsideration, may be prosecuted in accordance with this rule; provided that nothing in this rule shall preclude the review *593 of an interlocutory order or decree in law or equity on appeal from the final judgment or decree as otherwise authorized by these rules; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari.”
In Shannon v. Shannon, Fla.App. 1962, 136 So.2d 253, the First District Court of Appeal held that a decree in equity awarding a wife a sum equivalent to one-half of the value of improvements, which she made in the jointly owned home awarded to her in the divorce decree, was a “final decree”; and that the husband had a choice of obtaining review of the decree either pursuant to the procedure relating to appeals from final decrees in equity or in accordance with the procedure relating to interlocutory appeals.
The court, in its opinion at page 255, said:
“ * * * It is thus seen that under Rule 4.2 relating to interlocutory appeals, appellate review may be obtained of interlocutory orders or decrees in equity as well as orders or decrees entered after final decree. The decree appealed in this case being one in equity entered after final decree, we are faced with the question of whether Rule 4.2 provides the exclusive method for reviewing this type of decree, or whether it may properly be reviewed in accordance with the procedure prescribed by Rule 3 relating to appeals from final judgments and decrees.”
Then, at page 257, it is stated:
“ * * * Considering the circumstances of the proceeding as outlined in the forepart of this opinion, it is our conclusion that the decree possesses all the characteristics of a final decree. It fully adjudicates the merits of the petition brought by the wife as regards her claim for contribution from the husband for his share of the cost of improvements made by her in the family home. This issue has now been concluded by the court’s decree, and nothing further remains to be done with respect to the controversy. This being the case, the appellant had a choice of obtaining review of the questioned decree either pursuant to the procedure outlined in Rule 3 relating to appeals from final decrees in equity, or he might have sought review in accordance with the procedure prescribed by Rule 4.2, relating to interlocutory appeals. * * * ”
It is often hard to determine whether a post-decretal order is final or interlocutory. In case of doubt, it would seem that the better practice would be to follow the procedure outlined under Rule 4.2, F.A.R., relating to interlocutory appeals.
It is our view that the post-decretal order denying a deficiency decree is a final decree. It definitely disposes of the right of the appellants, as far as this case is concerned, to obtain a deficiency judgment even though the court holds that its denial is without prejudice to proceed at law.
The Florida Supreme Court, in its opinion in Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175, held that an .order on rehearing modifying a former decree by adding a new provision thereto was an appealable order, regardless of whether the effect was to bring the original decree up for review as a part of it, and it was not necessary for the appellant to resort to review by special certiorari under Supreme Court Rule #34.
The Court, in its opinion at page 179, said:
“That inquiry suggests a preliminary question: 'Was the order of June 26, 1942, an appealable order? Leaving aside for the present the question as to whether the decree of February 2, 1942, and the amendatory order of June 26, 1942, together formed one final decree, *594 we hold that the last order was an ap-pealable order. It certainly was not a mere interlocutory or supplemental order (Kooman’s Fla.Chanc.Pldg.Prac. §§ 153, 186, 187) but was a final and distinct adjudication of rights which had not been, but which could have been adjudicated in the original decree, and was, in and of itself, as to the distinct and particular matter adjudicated therein, so final in its nature as to give it the character of a final decree. Hence it was an appealable order or decree, whether the effect was to bring the original decree up for review as a part of it, or not, and it was not necessary or appropriate for the appellant to resort to review by special certiorari under Supreme Court Rule 34. * * ”
The Supreme Court further said, on page 182:
“ * * * But an appeal from a deficiency decree, rendered subsequent to a sale under final decree of foreclosure, was entertained, considered and ruled upon by this Court in Elder v. Estate of R. S. Hall, Inc., 98 Fla. 954, 124 So. 466, although no effective appeal was taken in time from the final decree. The Court held in that case that the appeal from the deficiency decree and decree confirming sale did not bring to this court the final decree, the time for appealing from which had expired. Plere we have an instance of an order, not interlocutory, nor merely supplemental in character, made subsequent to the final decree, which called for the exercise of judicial power and discretion, and an adjudication of certain rights not adjudicated in the former decree and which was final as to the distinct matter dealt with, and hence ap-pealable, even though the original final decree had become absolute and could not be brought up for review because no appeal had been taken in time.”
In Thomas v. Cilbe, Inc., Fla.App.1958, 104 So.2d 397, in an opinion written by Judge Kanner, we quoted from the Supreme Court’s opinion in Hollywood, Inc. v. Clark, supra, (15 So.2d p. 182) as follows:
“ ‘This is somewhat in line with a principle announced in Theo. Hirsch Co. v. Scott, supra [87 Fla. 336, 100 So. 157], to the effect that: “An appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree, when such order or decree partakes of the nature of a final decision of those rights.” ’ ”
Holding as we do that the order appealed is final in nature, we deny the motion to dismiss.
SMITH, C. J., and ANDREWS, J., concur.