HOBSON, Judge.
This appeal arises out of a suit in equity seeking a mandatory injunction which would require defendant-appellees to move a large dwelling house constructed in a residential zone of the City of Tavares. The plaintiff-appellant appeals from two orders dismissing his second amended complaint; one dated August 4, 1965, and the other dated August 12, 1965. The order of August 4, 1965 dismisses the complaint as to all defendants upon the ground that the complaint and the more definite statement of the plaintiff taken together show affirmatively that the plaintiff had not exhausted his administrative remedies prior to filing suit. The order of August 12, 1965 dismisses the complaint only as to the defendant, City of Tavares, upon the ground that the complaint failed to show that the City of Tavares had been given the required notice of intention to sue as required by the city charter.
In its order of August 4, 1965, the trial court stated the following in the last paragraph of the order of dismissal:
“ORDERED, ADJUDGED AND DECREED, that the second amended petition of the Plaintiff filed in this cause be, and the same hereby is, dismissed, with leave, however, to the Petitioner to *60 file in this cause within thirty days from this date a further Amended Complaint, to show if, he can, that he actually has exhausted his administrative remedies with the Defendant, THE CITY OF TAVARES, prior to filing this suit.”
In the order dated August 12, 1965, in the final paragraph of the order of dismissal the court similarly stated:
“The Plaintiff having failed to allege substantial compliance with the Charter provision, the Plaintiff’s Second Amended Petition for Mandatory Injunction is hereby dismissed as to the Defendant, City of Tavares. Plaintiff is hereby granted thirty days in which to amend his Amended Petition to show, if he can, that he actually has substantially complied with the Charter provision of the City of Tavares by giving notice as required prior to the filing of this suit. Defendant shall have twenty days in which to respond and reply to any amended petition filed.”
The above orders from which plaintiff-appellant appeals are not “final” but are “interlocutory” in nature. See Hancock v. Piper, Fla.1966, 186 So.2d 489; Shaw v. Hill, Fla.App.1959, 114 So.2d 721; and Douglas v. City of Dunedin, Fla.App. 1966, 189 So.2d 176.
While we are not unmindful of the discretionary authority of this court to treat a full appeal improvidently taken from an interlocutory order as a perfected interlocutory appeal, we choose not to exercise this power in this particular instance. See Crepaldi v. Wagner, Fla.App.1961, 128 So.2d 759; Burton v. Sanders, Fla.App.1965, 170 So.2d 591; and Washington Security Co. v. Tracy’s Plumbing & Pumps, Inc., Fla.App.1964, 166 So.2d 680.
Assuming we were to treat and consider this as an interlocutox-y appeal, the court would be restricted in its consideration of error to the specific order or orders described in the notice of appeal. No other orders or rulings of the chancellor rendered' during the course of the proceedings maybe considered. See Crepaldi v. Wagner, supra. Even though the appellant in his brief and on oral argument discussed at considerable length the alleged error committed by the chancellor in granting the defendant-appellees’ motion for a more definite statement, he failed to designate this in-his notice of appeal. Therefore, to consider the orders specified in the notice of appeal' without being able to consider other preliminary orders which are relied upon by appellant for reversal but not specified in his notice of appeal would deprive the appellant of his right to a complete review by the appellate court of the alleged reversible errors committed by the lower court
For the reasons noted above this appeal is dismissed as there has been no final judgment from which an appeal can be perfected.
LILES, Acting C. J., and ADKINS, JAMES C., Jr., Associate Judge, concur.