HOBSON, Judge.
This case is before the court on appellee’s motion to dismiss appellant’s appeal.
On May 26, 1966, the lower court heard testimony and arguments of counsel in the case sub judice. In its final judgment the court set forth the following:
“1. That Plaintiff, Triax, Inc., relied for recovery of its claim for damages upon an oral contract; which contract *871 was purported to have been the act of a single city official.
“2. That no evidence was presented to show that the act of said city official was an authorized act of the city commission.
“3. That the testimony of Plaintiff’s witnesses affirmatively showed that the alleged oral contract was one which the parties did not contemplate would be performed within one year.
“From the foregoing findings of fact, the Court concludes that:
“1. The alleged oral contract if same existed was the ultra vires act of an individual commissioner which has no binding effect upon the Defendant City.
“2. That the alleged oral contract is barred by the Statute of Frauds.
“3. That Defendant is entitled to judgment in its favor.”
Seven days after entry of the final judgment appellant filed a motion for permission to amend its complaint to conform with the evidence as provided in Rule 1.15(b), 1954 Rules of Civil Procedure, 30 F.S.A. Appellant seeks to amend its complaint on the issues of appellant’s right to damages so as to plead quantum meruit or in the alternative to plead a cause of action in general assumpsit.
In denying appellant’s motion to amend, the court stated in part:
“ * * * that the issues raised by Plaintiff’s motion to amend were not tried by the express or implied consent of the parties; that the subject motion, in order to avoid prejudice to the defendant, should more properly have been made at some time prior to the entry of final judgment. * * * ” (Emphasis supplied.)
The order entered by the trial judge clearly shows that this motion had not been considered prior to the final judgment. Further appellant in its motion did not ask for a new trial or for reconsideration. Therefore said order is appealable under Rule 4.2(a), 31 F.S.A. by interlocutory appeal.
Even though appellant failed to designate in his notice of appeal that he was taking an interlocutory appeal, we have the discretion to treat this attempted direct appeal of the order in question as an interlocutory appeal under the same reasoning as set out in the following cases in equity: Ringsmith v. Squibb, Fla.App. 1966, 193 So.2d 59; Crepaldi v. Wagner, Fla.App. 1961, 128 So.2d 759; Burton v. Sanders, Fla.App.1965, 170 So.2d 591; and Washington Security Co. v. Tracy’s Plumbing & Pumps, Inc., Fla.App. 1964, 166 So.2d 680. Since Rule 4.2(a) makes a provision for the interlocutory appeal of this type order, i. e., an order after final judgment in a law action, we shall treat this appeal as a perfected interlocutory appeal. Therefore, appellee’s motion to dismiss is denied.
SHANNON, Acting C. J., and LILES, J., concur.