208 So.2d 152 (1968)
POMPANO PAINT CO., a Florida Corporation, Appellant,
v.
POMPANO BEACH BANK AND TRUST COMPANY, a Florida Corporation, Appellee.
No. 1228.
District Court of Appeal of Florida. Fourth District.
March 19, 1968.
Barry J. Stone, of Weck, Harper & Stone, Pompano Beach, for appellant.
Richard H. Roth, of Miller, Tucker, Roth & Prominski, Pompano Beach, for appellee.
REED, Judge.
The plaintiff-appellee is Pompano Beach Bank and Trust Company. The defendant-appellant is Pompano Paint Co. The defendant appeals from an order of the circuit court granting a motion by the plaintiff for summary final judgment.
The complaint alleges that one George W. Provost executed and delivered to the plaintiff a promissory note in the amount of $526.08 secured by a chattel mortgage on a 1960 Jaguar automobile, a default on the note, possession of the automobile by defendant, and all other allegations necessary to support a foreclosure of the chattel mortgage.
The defendant's answer denied all material allegations in the complaint and alleged seven affirmative defenses as follows: estoppel, laches, payment, accord and satisfaction, novation, unclean hands, and waiver. The defenses were never tested by a motion to strike.
The defendant served a set of interrogatories on the plaintiff. The plaintiff bank moved for a protective order as to certain of these interrogatories, and the said order was granted on 27 December 1966. The order relieved the plaintiff of any obligation to answer the interrogatories to which objection was made.
On 16 December 1966 the plaintiff moved for a summary judgment attaching thereto an affidavit of one of its officers stating that George Provost had executed the note and mortgage sued on and that the note was in default. The affidavit and instruments attached thereto indicate that the lien of the bank was recorded with the Department of Motor Vehicles on 9 August 1965. Another affidavit attached to the motion for summary judgment was by an employee in the Civil Division of the Broward *153 County Sheriff's Department. It indicates that the mortgaged automobile was sold on 16 December 1965 to the defendant at a sheriff's sale.
The defendant's attorney filed an affidavit which he executed in opposition to the motion for summary judgment. The affidavit indicated that the attorney knew of his own knowledge:
"That George Provost made a settlement with the plaintiff Bank wherein the said Provost paid to the plaintiff a cash consideration in excess of $1,000.00 in settlement of his accounts with said Bank."
On 10 January 1967 the circuit judge entered an order on the motion for summary judgment. The order reads as follows:
"* * *
"Ordered, Adjudged and Decreed that the Plaintiff's Motion for Summary Judgment be and the same hereby is granted.
"Done and Ordered in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of January, 1967."
The defendant filed a notice of appeal on 19 January 1967 from that order. The notice of appeal does not designate the appeal as interlocutory, and the defendant has treated the appeal as a full appeal under F.A.R. 3.2, 32 F.S.A.
At the outset we run into a procedural problem. The order granting the motion for summary judgment is clearly not a final order or judgment appealable as such under F.A.R. 3. Chastain v. Embry, Fla.App. 1960, 118 So.2d 33; Pinellas County v. Woolley, Fla.App. 1966, 189 So.2d 217; Stone v. Buckley, Fla.App. 1960, 119 So.2d 298; Renard v. Kirkeby Hotels, Inc., Fla. App. 1958, 99 So.2d 719; Florida Living for the Retired, Inc. v. Retirement Hotel Associates, Inc., Fla.App. 1964, 167 So.2d 83. This court, however, will treat the appeal as an interlocutory appeal under F.A.R. 4.2. See Crepaldi v. Wagner, Fla. App. 1961, 128 So.2d 759, 760, and Watson v. City of Hallandale, Fla.App. 1966, 193 So.2d 195.
With regard to the substantive question presented, namely, whether or not the trial court was correct in granting the motion for summary judgment, it is our opinion that the trial court was in error.
Neither of the affidavits submitted in support of the motion for summary judgment eliminates the defenses set forth in defendant's answer. This being the case, the plaintiff did not conclusively show that no material issue of fact exists. Where a plaintiff's affidavits do not contradict affirmative defenses raised by the opponent of the motion for summary judgment, the plaintiff is not entitled to a summary judgment even though his supporting affidavits may have made out a sufficient case based on the pleadings alone. See Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; Harrison v. McCourtney, Fla. App. 1962, 148 So.2d 53, 56; and, Underwriters Insurance Company v. Sisung, Fla. App. 1965, 174 So.2d 461. Also it appears to us that the affidavit of the defendant's attorney raises an issue of fact as to the defense of payment.
The defendant has also assigned as error the order of the circuit judge relieving the plaintiff bank from the obligation to answer the interrogatories mentioned above. This protective order is not designated in the notice of appeal. Since we are treating this as an interlocutory appeal and since the protective order is not mentioned in the notice of appeal, the only order eligible for consideration here is the order granting the motion for summary judgment. Crepaldi v. Wagner, supra.
For the above reasons, the order granting the summary judgment is reversed and the cause remanded.
McCAIN, J., concurs.
CROSS, J., concurs in conclusion.