PER CURIAM.
The pertinent matters pending before this Court involve 1) jurisdiction, 2) a motion to dismiss and 3) appointment of a receiver.
It appearing to the Court that the issues involved in the appeal in the above cause are matters within the jurisdiction of the District Court of Appeal, Third District of Florida, therefore, pursuant to the provisions of Florida Appellate Rules, it is ordered that said cause be transferred to said District Court for consideration and determination. Accordingly, the motion to dismiss is hereby deemed moot.
Next, we deem it appropriate to treat the question of the appointment of a receiver in a manner recommendable to the District Court of Appeal, with a short history which the record proper of the case reveals.
Subsequent to entry of a final judgment of foreclosure on certain realty and personalty, appellants filed their notice of appeal with this Court and rested colorable jurisdiction with us.
Appellants also initially applied to this Court for a stay of sale and appointment of receiver and we in turn transferred the same to the Third District Court of Appeal “to rule on the petition for writ staying sale of real property and for appointment of receiver.”
The District Court of Appeal denied appellants’ requests without prejudice to apply to the trial court, concluding that such requests were premature and should first be made at the trial level.
Upon appellants’ application, the trial court granted the stay of sale but denied appointment of a receiver. Upon appellants’ request for review of the failure to appoint a receiver, the District Court of Appeal again denied it, without prejudice, upon the premise that the court had no authority to consider it. The District Court then retransferred the cause to this Court, and appellants again sought review of the failure to appoint a receiver.
Aside from the fact that the District Court had jurisdiction to review the denial of the motion to appoint a receiver by virtue of our relinquishment of jurisdiction to it, such a review would also have been proper under Rule 4.2(a), F.A.R., 32 F.S.A. This rule provides for interlocutory appeals “from decisions, orders or judgments entered in civil actions after final judgments. . . .” The proper procedure in this case for review of the order —regardless of the prior history of this cause'—was by interlocutory appeal to the District Court, our general appellate court, under Rule 4.2(a). See Pavey v. Pavey, 112 So.2d 589 (Fla.App.3d, 1959); Fort v. Fort, 104 So.2d 69 (Fla.App.1st, 1958) and Jones v. Johnson, 98 So.2d 506 (Fla.App.2d, 1957).
Admittedly, appellants have made a strong showing for the necessity of appointment of a receiver. The properties, both real and personal, under foreclosure and subject to future sale comprise a large operating hotel, with adjacent vacant lands, on Miami Beach, totaling several million dollars in value. Truly, this is a million dollar operation. These assets are pledged to secure payment of the mortgage. Thus, proper management, supervision and preservation of both the assets, as well as of the income and expenditure therefrom, inure to the benefit of all parties and to the justice of the cause. Without attempting to give weight to one party or the other (the trial court found improprieties by *222 both) the record establishes that at one point the trial judge stated:
. . bizarre set of circumstances involving transactions and dealings by the Plaintiffs, Plaintiffs’ predecessor trustees and Plaintiffs’ agents and Hor-vath [the major principal in the Defendants’ corporations] and his various corporations . . . The uncontradicted evidence from the Defendant Horvath himself shows that his conduct on behalf of himself and his affiliated corporations was such that it would be condemned by honest and reasonable men and not to be excused.”
and, again, in the trial judge’s opinion there appears these comments:
“. . . Plaintiffs’ conduct through its representatives and agents is such that it would be condemned by reasonable and honest men.”
Obviously, the trial court concluded, assuming this to be found substantiated by the testimony, that both parties had un- • clean hands which would indicate that a receiver should be appointed. If so, a reasonable means of accomplishing this result would be for the District Court of Appeal to transfer the cause to the trial judge with instructions to appoint the receiver with further directions to establish the terms and conditions of his appointment as well as establishing a bond, if any.
CARLTON, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, J., concurring specially.