313 So.2d 749 (1975)
Douglas C. SMALL, Petitioner,
v.
Jeanne V. SMALL, Respondent.
No. 46151.
Supreme Court of Florida.
February 26, 1975.
*750 S. Robert Zimmerman, Pompano Beach and John E. Woodbery of Lewis & Lewis, P.A., Tallahassee, for petitioner.
Richard G. Gordon and Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Landerdale, for respondent.
ADKINS, Chief Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 299 So.2d 179; in that per curiam decision the District Court dismissed Petitioner's appeal without an opinion. Our jurisdiction is based on conflict[1] between the decision sought to be reviewed and the following cases: De Loache v. De Loache,[2] Laytner v. Humble Oil and refining Co.,[3] State ex rel. Park Towers Associates v. District Court,[4] Finneran v. Finneran,[5] Burton v. Sanders,[6] and Shannon v. Shannon.[7] The facts of this case are as follows.
On May 1, 1969, the parties were granted a Final Judgment of Divorce that confirmed the parties' property settlement agreement which contained both obligations for the Petitioner-husband to pay alimony and child support and provisions relating to child custody. In August, 1973, Petitioner, alleging changed circumstances, sought modification of the final judgment with respect to alimony and child custody; Respondent filed her cross-petition to enforce the final judgment. On March 22, 1974, after a two-day hearing on the merits the court entered its order denying the petition *751 for modification, having found no change in circumstances; at the same time, the court granted Respondent-wife's petition to enforce. On April 1, 1974, Petitioner filed his petition for rehearing, which was denied on July 3, 1974. On July 16, 1974, without benefit of supersedeas, Petitioner appealed the order of March 22, 1974, to the District Court. Respondent moved to dismiss that appeal on the basis that the petition for rehearing was addressed to an interlocutory order, that it was not authorized or permitted by the rules of procedure, that did not toll the time for appeal, and that this resulted in the appeal being untimely filed. When the District Court dismissed his appeal, Petitioner petitioned this Court for writ of certiorari, contending that the dismissal created conflict. Oral argument has been dispensed with pursuant to Rule 3.10(e), Florida Appellate Rules.
Initially, an examination of the rules discloses that the 30-day period allowed for filing an appeal is the same whether a party is proceeding from a final judgment[8] or from a judgment, decision or order deemed to be interlocutory.[9] The key factor in both instances is the date of rendition of the action appealed, and "rendition" has been clearly defined in the rules to mean that the judgment, decision, order or decree
"... has been reduced to writing, signed and made a matter of record ... where there has been filed . .. a timely and proper ... petition for ... a rehearing ... the decision, judgment, order or decree shall not be deemed rendered until such ... petition is disposed of."[10]
Although post-decretal orders in civil actions have been denominated "interlocutory" by the appellate rules,[11] we observe that the Committee Note to the 1971 Amendment which added paragraph (h) to Rule 1.110, Rules of Civil Procedure, specifically recognizes the applicability of that rule to divorce judgment modification; that rule reads:
"(h) Subsequent pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules."
Turning our attention to the cases cited for conflict, we distinguish the case sub judice from the cited cases of De Loache, Laytner, and State ex rel. Park Towers Associates, supra. The instant case involves a petition for rehearing addressed to a post-decretal order, whereas in the first two cited cases the motion for rehearing was directed to an amended final judgment and an order granting a motion to dismiss, while in the third case, the post-trial motion was one to amend the final judgment.
More important to our decision is a consideration of Finneran, Shannon and Burton, supra, which Petitioner cites for conflict. Each of these cases dealt with an appeal from a post-decretal order, as described below. In Finneran, supra, a post-decretal petition for modification of a support order was filed by the husband; the trial court entered its post-decretal order denying the husband's petition but increasing payments for support of the minor children. The husband took a full appeal, and the wife moved to dismiss on the *752 ground that the appeal should have been taken in accordance with the rule governing interlocutory appeals, a view with which the District Court of Appeals, Second District, agreed.[12]
Three years later, however, in Burton, supra,[13] the District Court modified its view, specifically receding from that part of the Finneran decision which held that the appeal must be dismissed. Instead, it adopted the rule which holds that, when a full appeal has been taken improvidently, i.e., when the appeal in fact was interlocutory in character, an appellate court has discretionary authority to treat the full appeal as a perfected interlocutory appeal.[14] In Burton, the trial court denied plaintiffs' post-decretal motion for a deficiency judgment, and plaintiffs appealed. Defendants moved to dismiss, citing Finneran, supra; the District Court held that the post-decretal order was an appealable final decree as it disposed of plaintiffs' right to obtain a deficiency judgment even though the trial court held that its denial was without prejudice to proceed at law.
In Shannon, supra, a wife sought post-decretal enforcement of the alimony provisions of the final decree, as well as reimbursement of one-half the value of the improvements she had made in the home jointly owned by the parties but awarded to her in the divorce decree. The chancellor denied that part of the wife's petition praying for enforcement of the alimony provisions but awarded her the value of the improvements which she had made on the home. The husband brought a full appeal from this decree, and the wife moved to dismiss on the ground that the questioned decree is interlocutory in character and should only be reviewed by an interlocutory procedure. The District Court of Appeal, First District, stated, inter alia:
"Orders or decrees entered after final decree as particularized in Rule 4.2 relating to interlocutory appeals have no special characteristics except that they are rendered in the cause upon some proper proceeding initiated subsequent to the final decree entered therein. Such orders or decrees may be either interlocutory or final in nature. As said by Judge Kanner in the Thomas case, `Not all orders entered subsequent to final decree are interlocutory, but in a proper case an order entered after final decree may of itself constitute a distinct adjudication so final in nature as to partake of the character of a final decree and may, therefore, sustain an appeal.' [Thomas v. Cilbe, Inc., 104 So.2d 397, 399 (Fla.App. 1958)] The foregoing principle is in conformity with the holding of the Supreme Court in Hollywood, Inc., where it is said: `An appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit, making necessary a substantive and important order or decree, when such order or decree partakes of the nature of a final decision of those rights.' [Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175, 182 (1943)]"
Turning to the facts sub judice, it is clear that, as to the testimony developed to support the petition for modification, the denial by the trial court decided that on the merits Petitioner's evidence failed to support his claim of changed conditions. Since under the doctrine of res judicata, this ruling conclusively precludes Petitioner from relitigating these same facts in a subsequent petition for modification, the decision is final in nature.[15] We are not unmindful that in Shannon, supra, *753 the First District Court specifically stated that:
"... an order or decree entered after final decree relating to alimony or child custody, being subject to future modification, is interlocutory in character and reviewable only by interlocutory appeal under Rule 4.2... ."
If this were true, however, then an action of dissolution of marriage could never have a final determination since even the initial judgment is subject to modification if circumstances warrant.
Taking into consideration the finality of the trial court's ruling and in light of the fact that, under Rule 1.110(h), Rules of Civil Procedure, the supplemental proceeding sub judice took on the final character of the initial proceeding, we conclude that the trial court's action is not to be denominated "interlocutory" merely because it was post-decretal; that the decision was in fact final; that the petition for rehearing, being both permitted by the rules and timely filed, effectively tolled the running of the appeal time; and that Petitioner's notice of appeal to the District Court was timely filed.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded with directions that Petitioner's appeal be reinstated.
It is so ordered.
ROBERTS, McCAIN and OVERTON, JJ., concur.
ENGLAND, J., concurs specially with opinion.
ENGLAND, Justice (concurring specially).
Certiorari was granted in this case on the basis of conflicting Florida appellate decisions,[1] and in these types of cases the Court should articulate its resolution of the conflict in such a way that the area of law is not subject to further confusion. Our obligation to dispel confusion seems all the more compelling in this case because the conflict stems from differing understandings of rules promulgated by this Court. Although I agree with the Court's result in this case, I do not believe that the law has been clarified sufficiently to avoid future interpretative litigation.
Florida Appellate Rule 4.2(a) unambiguously states, in relevant part, that interlocutory appeals are available with respect to "judgments entered in civil actions after final judgment." The order entered by the trial court in this case, which denied modification of the alimony and child custody provisions of a final judgment of divorce, plainly falls within the language of this rule. The Court has ruled, however, that the "after final judgment" order of the trial judge was in reality a "final judgment" under Rule 3.2(b). To clarify that result, I would resolve the determination of this case on the well-established line of precedents which hold that a first adjudication of substantive rights in a trial court results in a "final" judgment for purposes of the more elaborate review process now set out in Florida Appellate Rule 3.2(b).[2] The thread of reasoning in these cases persuades me that a full appeal under that rule, rather than the expeditious and more abbreviated "interlocutory" appeal, is more appropriate for litigants whose rights have been so determined.[3]
*754 The reconciliation of authorities which I would approve resolves each controversy on the basis of whether new matters were litigated and ruled upon, a determination which has established boundaries for judicial review.[4] I find this grounding a suitable touchstone for appellate finality, and for the invocation of Rule 3.2(b).
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 274 So.2d 883 (Fla. 1973).
[3] 262 So.2d 675 (Fla. 1972).
[4] 221 So.2d 136 (Fla. 1969).
[5] 137 So.2d 844 (Fla.App. 1962); cert. disch. 150 So.2d 444 (Fla. 1963).
[6] 170 So.2d 591 (Fla.App. 1965).
[7] 136 So.2d 253 (Fla.App. 1962).
[8] Rule 3.2(b), Florida Appellate Rules.
[9] Rule 4.2(b), Florida Appellate Rules.
[10] Rule 1.3, Florida Appellate Rules.
[11] Rule 4.2(a), Florida Appellate Rules.
[12] See Note 5, supra.
[13] See Note 6, supra.
[14] See also Crepaldi v. Wagner, 128 So.2d 759 (Fla.App. 1961); Rosen v. Hunter, 224 So.2d 371 (Fla.App. 1969); Washington Sec. Co. v. Tracy's Plumbing & Pumps, Inc., 166 So.2d 680 (Fla.App. 1964).
[15] 19 Fla.Jur. 124, 131, Judgments and Decrees, §§ 111, 116.
[1] Fla. Const. art. V, § (3)(b)(3).
[2] E.g., Theo. Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157 (1924); Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175 (1943); Burton v. Sanders, 170 So.2d 591 (2d Dist. Ct.App.Fla. 1965).
[3] I recognize that, if my analysis is followed, litigants will hereafter argue whether or not substantive rights have been adjudicated for purposes of selecting the appropriate appellate rule. I prefer shifting the arguments of counsel to that arena, however, over ad hoc determinations of "finality" (as in this case) or an "either-or" theory of appeal (as in Shannon v. Shannon, 136 So.2d 253 (1st Dist.Ct.App.Fla. 1962)). The former is too elusive a standard for precedent. The latter suggests, contrary to my view, that these appellate rules were designed to give parties a choice of appeal processes and would afford two opportunities for appellate review of the same order under Rule 4.2(a) in its present form. I read Rule 4.2(a) to mean only that the offensive order may be challenged sooner or later. To the extent that Shannon conflicts with the Court's determination in this case, it should be expressly overruled for all purposes, including this Court's conflict jurisdiction.
[4] For example, mere enforcement orders would remain within the purview of Rule 4.2(a). E.g., Hollywood, Inc. v. Clark, supra note 2, at 15 So.2d 179.