PEARSON, Judge.
Westinghouse Electric Supply Company, predecessor to Westinghouse Electric Corporation, and B. & W. Company filed claims of lien against property owned by Carol Florida Corp., a Florida corporation. The latter applied for transfer of the liens to security pursuant to section 84.24, Fla. Stat., F.S.A. The court determined that the amount of the bond should be $325,000, and approved the surety bond provided.
Thereafter the lienors brought suit fo foreclose their liens and the Carol Florida Corporation prevailed. An application, in *838 the proceeding brought pursuant to section 84.24, Fla.Stat., F.S.A., to tax the bond premium as costs was made by Carol Florida Corp. The court declined to tax the bond premium as costs in that statutory proceeding and the appeal is from that order.
Costs, when allowable, are merely an incident to the main adjudication. State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668. The only advantage appellant seeks in the instant appeal is to recover costs, and this court will not hear an appeal merely to determine the right to costs. See cases cited in 4 C.J.S. Appeal & Error § 40(f), n. 25. It is well recognized that a judgment for costs only is not appealable. E. g., Gray v. Mann, 47 Fla. 162, 37 So. 161; Cobb v. Santa Rosa County, 47 Fla. 135, 36 So. 172.
This court, however, has considered the notice of appeal as a petition for review of an order taxing costs pursuant to rule 3.16, subd. c, Florida Appellate Rules, 31 F.S.A., inasmuch as it was timely filed within 20 days after the entry of the judgment. See Manganelli v. Covington, Fla. App.1959, 114 So.2d 320.
Upon review, pursuant to the rule, the order refusing to tax the bond premium as a cost is affirmed. The proceeding pursuant to section 84.24, Fla.Stat., F.S.A., is not an adversary action and does not result in a judgment in the usual, common law sense. No process is provided upon which a subsequent order taxing costs could be based.
It is urged that in this instance the holders of the lien voluntarily appeared and participated in the proceedings. We hold that such appearance is not sufficient to change the nature of the proceeding as defined by the statute.
It is noted by this court, however, that this decision does not preclude the taxation of bond premiums of the type here involved ■ as an element of cost in other proceedings. Nor is it competent that we should undertake to rule upon such a question in the consideration of this petition. Such consideration thereof is expressly reserved until and if it shall be presented.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.