162 So.2d 325 (1964)
Claire E. CRAFT, Appellant,
v.
Marcel CLAREMBEAUX a/k/a M.C. Clarembeaux, Appellee.
No. 4026.
District Court of Appeal of Florida. Second District.
March 27, 1964.
*326 Salisbury, Kaywell & Salisbury, Palm Beach and Langbein, Burdick & Silvian, West Palm Beach, for appellant.
Garlon A. Davis, of Ives & Davis, West Palm Beach, for appellee.
ALLEN, Judge.
Appellant, plaintiff in the lower court, brings plenary appeal from an order taxing costs entered after appellant had, in 1961, taken a voluntary nonsuit. Appellee moved to dismiss the appeal soon after it was commenced but consideration of this motion was deferred until the merits of the cause were argued. Accordingly, both the question of jurisdiction and the dependent question with respect to the merits require determination.
Appellee's motion to dismiss the appeal (from an order taxing costs) was grounded on the conclusion that appellate review of such orders was available only by petition under Rule 3.16(c), Florida Appellate Rules, 31 F.S.A. This conclusion, certainly a reasonable one in light of the language of Rule 3.16(c), has apparently been adopted by our sister court of the Third District. In re Carol Florida Corp., Fla.App. 1960, 118 So.2d 837. Cf. Horner v. State, Fla.App. 1963, 148 So.2d 553. However, we must decline to follow the decision in the Carol Florida Corp. case. In our view, the applicability of Rule 3.16(c) is limited to those cases involving the taxation of costs by a lower court when the cause has been in an appellate court and recurs below on mandate of the appellate court. See Abrams v. Gresham, Fla.App. 1962, 136 So.2d 380; Dames v. Dames, Fla.App. 1963, 156 So.2d 532.
In determining that Rule 3.16(c) is applicable only as a means of reviewing cost judgments entered after entry of an appellate court's mandate in the cause, we are not unmindful of the rule's provision that if a party feel aggrieved "by any judgment for costs, said judgment shall be reviewable in the appellate court upon petition * * *." (Emphasis added.) However, when viewed in the context of preceding and succeeding paragraphs of Rule 3.16, in the context of all of the Rules, and in terms of suitability or adaptability as a method of bringing potentially complex problems to an appellate court, Rule 3.16(c) must, we conclude, be intended only to provide review in causes in which the appellate court has acquired both jurisdiction and familiarity. Cf. Florida Power Corp. v. Griffin, Fla.App. 1963, 150 So.2d 270.
The determination that the method of review prescribed in Rule 3.16(c) is inapplicable in the instant case does not, however, resolve the jurisdictional question. As aforesaid, the instant case arises on plenary appeal and in such posture collides with the well established principle that a cost determination alone will not support plenary appeal. E.g. Gray v. Mann, 1904, 47 Fla. 162, 37 So. 161. This latter rule, while not precluding appellate review of cost determinations, does circumscribe the context in which such review may be had.
There would seem to be no question that an appellate court may review a cost determination when the determination is attacked as being erroneous as a matter of law. Thus, an award of costs beyond the power of the court or a refusal to award costs when such costs must be awarded presents a proper question for review on appeal from the final judgment. Hart v. Bostwick, 1872, 14 Fla. 162. This review is apparently available either when the alleged error concerning costs is assigned in conjunction *327 with other errors, Hart v. Bostwick, supra, or when errors concerning costs and fees alone are assigned. Dorner v. Red Top Cab & Baggage Co., 1948, 160 Fla. 882, 37 So.2d 160.
An excellent annotation in 54 A.L.R.2d 927 (1957) discusses the conflicting authority in this country on the question of appellate review of cost determinations. Recognizing the rule that an appellate court "will not hear an appeal merely to determine the right to costs," the annotation points out that the rule is by no means unanimously accepted and that even in jurisdictions purporting to accept the rule, qualification permitting review is often found. See Annot. 54 A.L.R.2d 927, 949-991. An examination of the cases wherein the rule against review of costs is strictly followed discloses, in many instances, statutory provisions dissimilar to our own and, in other instances, a rationale which is unpersuasive.
The better view  and one possessing continued vitality  is that expressed by Florida's Supreme Court in Hart v. Bostwick, supra, where the Court interpreted a statute allowing review of intermediate orders on appeal from the final judgment as one allowing review of a cost order. Determining that the superior court could review the order insofar as discretion was not involved, the Court said:
"Any other interpretation * * * would place an unauthorized order or judgment, however illegal or oppressive, beyond the reach of review or supervision by the appellate courts." (14 Fla. at 186)
In the Hart and Red Top Cab Co. cases, review was afforded in the context of appeal from the final judgment in the cause. This method of securing review, available when the cost determination is made in the final judgment or is made subsequent to rendition of the final judgment but prior to timely appeal from that judgment, provides the appropriate means of review by plenary appeal. A second means of securing review, appropriate when the cost determination postdates the final judgment, is found in the provisions of Rule 4.2, Florida Appellate Rules, permitting interlocutory appeals from orders or judgments entered after final judgment. In these cases the cost judgment is the basis for appeal, but unlike instances involving a final judgment, the appeal is interlocutory, not plenary.
There are then at least three distinct means of securing review of cost determination. If the cost determination is entered in the final judgment or is made subsequent to rendition of the final judgment but prior to timely appeal from that judgment, plenary appeal from the final judgment and a proper assignment or, if appropriate, cross-assignment of error will bring the cost order to the appellate court. See Rules 3.2(d), 3.3 and 3.5, F.A.R. If the cost determination is made after entry of a final judgment and the judgment has been appealed, the time for appealing the final judgment has expired or the aggrieved party does not desire to appeal the final judgment, interlocutory appeal from the cost judgment will bring that matter to the appellate court. Rule 4.2, F.A.R. If the cost judgment is entered after the mandate of the appellate court has been lodged in the cause, petition under Rule 3.16 will provide a means of review. Finally, in appropriate circumstances  as in the instant case wherein the order was entered following a non-final and unappealable voluntary nonsuit  writ of certiorari may lie as a means of securing review.
From the foregoing it is apparent that the improvident appeal must be dismissed. Pursuant to Fla. Stat. 59.45 (1963), F.S.A., the appeal has been considered as a petition for writ of certiorari and upon consideration of the briefs and record, the petition is denied.
SMITH, C.J., and HENSLEY, ROBERT E., Associated Judge, concur.