PER CURIAM.
This is an interlocutory appeal from an order denying appellant’s motion for relief from judgment pursuant to RCP 1.540, F. S.A.
A default judgment was entered against appellant, the former wife of the appellee, upon several counterclaims against her. Appellant earlier had taken a voluntary dismissal of several claims she had filed against appellee and his brother, Ben Lawson, also appellee’s counsel, for damages resulting from having to defend earlier lawsuits.
Shortly after filing her complaint, appellant moved back to England, her homeland, where she is still residing. The default against her followed a failure to answer interrogatories, after several extensions, which were mailed to appellant in England.
Appellant contends that the judgment entered by the trial court is invalid because the counterclaims by appellee were matters adjudicated, or which should have been adjudicated, in the prior divorce action between the parties in the circuit court of Broward County.
We think that Article VIII[1] of the property settlement agreement incorporated in the final judgment in the previous case precluded the claims made by the appellee in the instant action.
Generally, a final judgment in divorce cases settles questions of property rights which were, or which may have been, litigated. Finston v. Finston, Fla.1948, 160 Fla. 935, 37 So.2d 423; Gordon v. Gordon, Fla.1952, 59 So.2d 40; Thompson v. Thompson, Fla.App.1969, 223 So.2d 95; Vandervoort v. Vandervoort, Fla.App.1973, 277 So.2d 43.
Therefore, for the reasons stated, the order denying appellant’s motion for relief from judgment and the final default judgment is reversed.
Reversed.

. Article VIII of the agreement reads as follows:
“Except as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have against the other, upon or by reason of any matter, cause or things up to the date of the execution of this Agreement.”