DOWNEY, Judge.
Appellee, Pet Memorials, Inc., sued appellant Armstrong and one Steffler to cancel certain shares of stock in the appellee corporation held by appellant and Steffler.
The complaint alleges that Armstrong and Steffler wrongfully hold shares of stock in Pet Memorials, Inc., contrary to certain provisions of the articles of incorporation of said corporation. It further alleges that the stock was issued without the authority of the Board of Directors and without consideration as required by law. Appellant Armstrong’s answer did not admit the allegations relative to the wrongful issuance of said stock, the alleged provisions of the articles of incorporation, or the alleged lack of consideration.
Appellee moved for summary judgment supported by substantially identical affidavits of three individuals. Each affiant swore that: affiant was a director; that *151 he had learned certain stock was issued to appellant and Steffler; that he had received no notice of nor had he attended any directors’ meetings for the purpose of issuing stock or determining the value of property, labor, or services in return therefor.
Appellant Armstrong moved to amend his answer and pointed out to the court that the other defendant, who was also a director of Pet Memorials, was ill and unable to be deposed. Accordingly, on November 1, 1973, the court granted a continuance of the hearing on the motion for summary judgment. However, on appel-lee’s motion for rehearing of the order granting the continuance,[1] the court on November 13, 1973, granted the motion for summary judgment, although a further hearing thereon had been set for November 19, 1973.
There are several reasons why the motion for summary judgment should not have been granted nor final summary judgment entered. The record is devoid of any proof of the provisions of the articles of incorporation of Pet Memorials. Since appellee’s cause of action is based in part on those provisions, the articles should have been attached to the complaint as an exhibit. Rule 1.130(a), RCP; Winn-Dixie Stores, Inc. v. Sams, Fla.App.1973, 281 So.2d 47. In any event they should have been proved by certification on the motion for summary judgment. In addition, the affidavits in support of the motion do not prove the allegation that the appellee received no consideration for the stock. Finally, appellant Armstrong’s motion for leave to amend and for a continuance would seem valid since co-defendant Stef-fler was temporarily unavailable for discovery, and for aught we know his testimony may have supported appellant’s defense. The suit was filed June 23, 1973, appellant answered September 10, 1973, and appellant’s motion for continuance was filed October 30, 1973. Thus, it is apparent there had been no undue delay in the progress of the litigation attributable to appellant.
Accordingly, we feel the summary final judgment was improvidently entered, requiring reversal of the judgment for further proceedings.
Reversed.
OWEN, C. J., and MAGER, J., concur.

. It should be noted that a motion for rehearing may be directed only to final judgments rendered by the court. Wagner v. Bieley, Wagner & Associates, Inc., Fla.1972, 263 So.2d 1; Home News Publishing Co. v. U-M Publishing, Jnc., Fla.App.1971, 246 So.2d 117.