382 So.2d 305 (1979)
FLORIDA FARM BUREAU INSURANCE COMPANY, Appellant,
v.
AUSTIN CARPET SERVICE, INC. and Auto-Owners Insurance Company, Appellees.
No. KK-352.
District Court of Appeal of Florida, First District.
January 16, 1979.
Allen W. Lindsay of Beall, Lindsay & Lindsay, Milton, for appellant.
J. LeDon Dewrell and William K. Jennings of Dewrell & Jennings, Fort Walton Beach, Paul R. Green, Milton, and W. Christopher Hart, Pensacola, for appellees.

ON MOTION TO DISMISS
ERVIN, Judge.
The Martins move to dismiss an appeal taken by their homeowners insurer, Florida Farm Bureau, from an order denying the insurer's request for distribution of proceeds *306 to a settlement reached by the Martins and Austin Carpet Service to compensate the Martins for property damage which resulted from a fire in the Martins' home caused by Austin. We conclude the order from which Florida Farm filed its appeal was final and that the appeal was proper.
The Martins' home caught fire, while Austin was replacing carpet in their home, and it was totally destroyed along with its contents. Florida Farm paid $42,535.81 to the Martins as indemnity for their property loss, and after the Martins had filed suit against Austin and its insurer for both personal and property damages, Florida Farm filed a motion to intervene seeking subrogation to any proceeds recovered by the Martins from Austin on their property damage claim. The motion to intervene was granted. Later, in May, 1978, the Martins entered into a settlement agreement with the carpet company and its insurer on their property claim only. The settlement agreement, however, was not reduced to judgment until August 18, 1978, when a partial final judgment was entered which adopted the settlement stipulation. Farm Bureau filed a petition seeking a pro rata distribution of the settlement proceeds as a subrogated party. By order dated May 25, 1978, and filed June 2, 1978, the request for distribution was denied on the ground that the Martins' damages exceeded their total recovery from the defendants.[1] Petition for rehearing was filed from the June 2 order and was denied by order dated June 12, 1978, and filed on June 16, 1978. On July 11, 1978, a notice was filed from the June 2 order. Finally, on October 4, 1978, an amended notice of appeal was filed in this court from the partial final judgment entered August 18, 1978.
The primary question before us is whether the June 2 order is a final appealable order or a non-final interlocutory order which is not subject to review.[2]
The test for determining whether an order is subject to review is the finality of the order. Finality, in turn, depends upon whether judicial labor, required or permitted to be done by the trial court, has been performed, other than such proceedings and orders as may be necessary to enforce the judgment. Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175 (1943); Blount v. Hansen, 116 So.2d 250 (Fla. 2d DCA 1959); Brown v. Mitchell, 151 So.2d 305 (Fla. 1st DCA 1963).
While the cause remained to be tried as to personal injuries alleged to have been suffered by the Martins, the issue was nevertheless final as to Florida Farm Bureau on its claim for subrogation. Cf. Paradis v. Cicero, 167 So.2d 248 (Fla. 2d DCA 1964); Schneider v. Manheimer, 170 So.2d 75 (Fla. 3d DCA 1964); Conboy v. Naples, 226 So.2d 108 (Fla. 2d DCA 1969). True, the order entered on June 2, 1978 did not employ such arcane language stating that Florida Farm Bureau "go hence without day" or that it "take nothing herein". Such language, while casting light upon a court's intent as to finality, is not dispositive of the issue. The order denying the motion for distribution was final in form and content, and its finality was not diminished by its failure to employ language otherwise denoting finality.
*307 We conclude the order of June 2 was final. No further judicial labor remained as to Florida Farm's claim for subrogation. The final partial judgment later entered denying Florida Farm's request "to participate in the distribution of the proceeds ....", was but a mere recitation of that which had previously been stated by the court's denial of Florida Farm's motion for distribution. The order had no effect other than to deny whatever right Florida Farm had through subrogation to its insured's claim against Austin. While the settlement agreement had not been reduced to judgment at the time the June 2 order was entered, Florida Farm's claim was not dependent upon that act, and the order became final upon the denial of its petition for distribution.
The motion to dismiss is DENIED.
McCORD, C.J., and SMITH, J., concur.
NOTES
[1] The order of denial states:

This matter is before the Court on a petition to distribute sums paid by the Defendants. The Court finds that Florida Farm Bureau Insurance Company is not entitled to any distribution of the Plaintiffs' recovery from the Defendants because the Plaintiffs' damages exceeded their total recovery from the Defendants and Florida Farm Bureau Insurance Company. Therefore, it is
ORDERED AND ADJUDGED that Florida Farm Bureau Insurance Company's request for distribution of the proceeds is denied.
[2] The order would not appear to be an appealable interlocutory order permitted by Fla.R. App.P. 9.130. Even if it were so, the notice was not timely filed from the June 2 order, since it was filed more than 30 days after the order was rendered. A petition for rehearing tolls the time for filing appeal notices only as to final  not interlocutory  orders. Armstrong v. Pet Memorials, Inc., 301 So.2d 150 (Fla. 4th DCA 1974).