383 So.2d 322 (1980)
Edwin F. GORDON, Appellant,
v.
George M. BARLEY, Jr., As General Partner of the Barley Limited Partnership; Commercial Bank at Winter Park, As Trustee for Evans Central Florida Cardiology Group, P.A., Pension Trust, and As Trustee for Evans Central Florida Cardiology Group, P.A., Profit Sharing Trust; Charles A. Black; Jacob Perlow; and Tucker Frederickson, Appellees.
No. 80-131.
District Court of Appeal of Florida, Fifth District.
May 14, 1980.
John W. Kearns, Miami, for appellant.
David B. King, Orlando, for appellees, Barley, Barley Ltd. Partnership, Black, Perlow & Frederickson.
J. Gordon Arkin, Orlando, for appellee, Commercial Bank.
UPCHURCH, Judge.
Appellees, George M. Barley, Jr., and Commercial Bank at Winter Park, have filed a motion to dismiss the appeal of appellant, Edwin F. Gordon.
In an action seeking a declaration of rights as to his status in a limited partnership, appellant filed a notice of lis pendens encumbering certain real property of the partnership (appellees). The trial court, upon motion by appellees, dissolved the notice of lis pendens in an order issued July 31, 1979. Appellant filed a motion for rehearing which the trial court denied on January 8, 1980. Appellant then instituted this appeal on January 30, 1980.
Appellees now move to dismiss the appeal because of appellant's failure to file the appeal within thirty days of the date of the order dissolving the notice of lis pendens on July 31, 1979. Appellees contend that a motion for rehearing was not authorized in the instant situation under Rule 1.530, Florida Rules of Civil Procedure, and therefore under Rule 9.020(g), Florida Rules of Appellate Procedure, the time period for filing a *323 notice of appeal was not tolled since this rule only applies to authorized motions for new trial and rehearing.
Appellant relies upon Rule 9.130(b), Florida Rules of Appellate Procedure, which speaks of filing the notice of appeal "within 30 days of rendition of the order to be reviewed." Appellant argues that since he filed a timely motion for rehearing the order being appealed was not rendered, according to Rule 9.020, Florida Rules of Appellate Procedure, until "disposition thereof" on January 8, 1980.
Rule 1.530(a) and (b), Florida Rules of Civil Procedure, govern motions for rehearing in trial courts and was interpreted in Home News Publishing Co. v. U-M Publishing, Inc., 246 So.2d 117 (Fla. 1st DCA 1971), as authorizing the filing of motions for rehearing on matters heard without a jury only to judgments rendered by the court and not to interlocutory orders. The Florida Supreme Court, in Wagner v. Bieley, Wagner and Associates, Inc., 263 So.2d 1 (Fla. 1972), agreed with this interpretation and quoted the following passage from Home News:
A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of the court promulgated by the rule-making authority, then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.
See also Florida East Coast Railway Co. v. Southern Sanitation Service, Inc., 370 So.2d 1200 (Fla. 4th DCA 1979) wherein the court stated that a motion for rehearing directed to an interlocutory order will not suspend rendition of that order and thus has no effect on the time for filing a notice of appeal.
While these cases were decided under the former appellate rules, the result in the instant case is identical. Here, appellant's position is that this is an interlocutory appeal brought pursuant to Rule 9.130(a)(3), Florida Rules of Appellate Procedure, from the trial court's order dissolving the notice of lis pendens.[1] Subsection (b) of Rule 9.130 provides that jurisdiction for review of orders under this rule "shall be invoked by filing ... notice ... within 30 days of rendition of the order to be reviewed." Likewise a petition for common law certiorari must be filed within thirty days of rendition of the order to be reviewed. Rule 9.100(c), Florida Rules of Appellate Procedure. Rule 9.020(g), Florida Rules of Appellate Procedure, defines rendition of an order as:

*324 The filing of a signed written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof." (Emphasis added)
Therefore, a motion for rehearing must be both timely and authorized in order to fall within the tolling provision of Rule 9.020(g). As Home News and its progeny have held, though, under Rule 1.530(a) and (b), filing of a motion for rehearing is not authorized for interlocutory orders. Hence, such a motion would not fall within Rule 9.020(g) and would not toll the rendition date of the order. Therefore, since appellant failed to file his notice of appeal within thirty days of the rendition of the order of the trial court (July 31, 1979), his appeal should be dismissed as untimely, whether viewed under Rule 9.130(a) or under the rules governing common law certiorari.
The motion to dismiss is granted.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] While there are no reported cases under the revised appellate rules discussing appeal of such orders under 9.130(a), case law holds that orders dissolving a notice of lis pendens were reviewable as interlocutory appeals under former Rule 4.2. See Dominguez v. Lopez, 346 So.2d 627 (Fla. 3d DCA 1977); De Mapia v. Equitable Development Corp., 302 So.2d 418 (Fla. 1st DCA 1974); Appellant points to the Committee Notes to Rule 9.130 which state:

Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former Rule 4.2.
In addition, the notice of lis pendens in the instant case was apparently dissolved, inter alia, because the pleading did not establish that the action was founded on a duly recorded instrument. Section 48.23, Florida Statutes, provides that in such cases "the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." Rule 9.130(a)(3)(B) provides that properly reviewable non-final orders include those which:
[G]rant, continue, modify, deny or dissolve injunctions
Alternatively, review of the instant order is available via common law certiorari if the order is viewed as departing from the essential requirements of the law. Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA 1979). See Rule 9.040(c), Fla.R.App.P.
We need not determine, however, whether this appeal is appropriate under Rule 9.130(a) or via common law certiorari since it is untimely under the rules governing each.