419 So.2d 1192 (1982)
Frank POTUCEK, Appellant,
v.
Jill E. SMEJA, Appellee.
No. 82-1585.
District Court of Appeal of Florida, Second District.
October 6, 1982.
Joseph S. Alexander, Clearwater, for appellant.
John R. Haggitt of Farnell & Haggitt, Clearwater, for appellee.

ON MOTION TO DISMISS
GRIMES, Acting Chief Judge.
The timeliness of this appeal depends upon whether a motion for rehearing tolls the time for taking an appeal from an order granting relief from a judgment pursuant to Florida Rule of Civil Procedure 1.540(b).
Appellant (Potucek) obtained a default judgment against appellee (Smeja). Thereafter, following the dictates of rule 1.500(d), Smeja filed a motion to set aside the judgment pursuant to rule 1.540(b). After the taking of testimony, the court granted the motion and set aside the final judgment by order dated May 11, 1982. While this ruling was predicated upon a deficiency in the service of process upon Smeja, at the hearing her counsel agreed to accept service; so, the court allowed twenty days for the filing of an answer. Potucek served a motion for *1193 rehearing on May 20, 1982, which the court denied on June 9, 1982. Potucek filed his notice of appeal on July 6, 1982. If the motion for rehearing tolled the appeal time, the appeal was timely; otherwise, Potucek was too late.
Appeals from both final and nonfinal orders must be taken within thirty days of the rendition of the order to be reviewed. Fla.R.App.P. 9.110(b) and 9.130(b). Florida Rule of Appellate Procedure 9.020(g) defines rendition as follows:
Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
An unauthorized motion for rehearing does not toll the time. Wagner v. Bieley, Wagner & Associates, 263 So.2d 1 (Fla. 1972). Whether the motion for rehearing was authorized depends upon an interpretation of Florida Rule of Civil Procedure 1.530 which provides under subsection (a) "for a rehearing of matters heard without a jury, including summary judgments," and under subsection (b) that a "motion ... for rehearing shall be served not later than 10 days after the ... entry of judgment in a non-jury action." This rule has been consistently construed to authorize rehearings only on orders and judgments which are final in nature. Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980); Florida Farm Bureau Insurance Co. v. Austin Carpet Service, 382 So.2d 305 (Fla. 1st DCA 1979).
Potucek argues that an order entered under rule 1.540(b), even though it follows the final judgment, is in essence a final order, itself, toward which a motion for rehearing can be directed. The case of Small v. Small, 313 So.2d 749 (Fla. 1975), lends some support to his position. In that case, the supreme court held that an order entered on a petition to modify a divorce decree for changed circumstances was a final order from which a petition for rehearing could be filed, even though Florida Rule of Appellate Procedure 4.2 specified that all postdecretal orders were interlocutory. The court reasoned that since the Florida Rules of Civil Procedure required pleadings to be filed in modification proceedings as if they were initial pleadings in the action and because the modification order was res judicata, the decision was, in fact, final. Justice England in a concurring opinion suggested that whether a postjudgment order is final for purposes of appeal should depend upon whether the order passes upon new matters affecting the substantive rights of the parties.
A motion to set aside a judgment under rule 1.540(b) has some similarities to a modification proceeding in that testimony is often taken and new matters are ordinarily brought to the attention of the court. One might further argue that an order entered pursuant to a rule 1.540(b) motion constitutes such an important ruling that the parties and the court ought to have an opportunity for reconsideration of that order before it becomes binding. On the other hand, many orders granting relief under rule 1.540(b) are not final in the sense that, as in the instant case, they contemplate a further determination of the merits.
Be that as it may, Florida Rule of Appellate Procedure 9.130, adopted by the supreme court subsequent to Small, unequivocally specifies that orders entered under rule 1.540 constitute nonfinal orders which are subject to review under that rule. Thus, rule 9.130(a)(1) states, "This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts." Subsection (5) of the rule then reads, "Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule."
*1194 Thus, we conclude that there is no provision for seeking a rehearing of an order entered under rule 1.540(b). Potucek's filing of a motion for rehearing, even though the trial court entertained it, did not toll the time for taking an appeal. When the notice of appeal was finally filed, it was untimely. However, Potucek may not be without recourse. If he ultimately suffers an adverse judgment, he can appeal and raise as an issue the propriety of the entry of the nonfinal order which set aside his earlier judgment. Fla.R.App.P. 9.110(h) and 9.130(g).
The motion to dismiss is granted, and this appeal is hereby dismissed.
DANAHY and SCHOONOVER, JJ., concur.