425 So.2d 671 (1983)
John T. HUBERT, Jr., Appellant,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
No. 82-1815.
District Court of Appeal of Florida, Second District.
February 2, 1983.
Robert J. Shapiro, Tampa, for appellant.
Alan E. DeSerio and John H. Beck, Tallahassee, for appellee.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
This court previously denied a motion to dismiss the above-styled appeal without opinion. We deny rehearing but think that the issue raised merits this opinion.
The motion to dismiss this appeal alleged that the appeal was untimely because the notice was filed more than 30 days from the order appealed from. Although there was a timely motion for *672 rehearing, appellee contended that the motion was not an authorized motion and, thus, did not toll the time for filing the appeal. See Rule 9.020(g), Fla.R.App.P. Appellee relies on the general rule that rehearings are not authorized as to interlocutory or nonfinal orders. Wagner v. Bieley, 263 So.2d 1 (Fla. 1972).
The order involved in this case was a post-judgment order on attorneys' fees and costs. More specifically, appellee alleges conflict with Craft v. Clarembeaux, 162 So.2d 325 (Fla. 2d DCA 1964). Craft held that a cost order after final judgment was reviewable by interlocutory appeal. However, in Clearwater Federal Savings and Loan Assoc. v. Sampson, 336 So.2d 78, 79 (Fla. 1976), the Florida Supreme Court made the following distinction:
Post-decretal orders are not true interlocutory orders, and perhaps the term "interlocutory" is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post-decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a Petition for Rehearing could be properly directed to such a post-decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.
Additionally, cases more recent than Craft have squarely held that an attorneys' fee order entered after final judgment is a final order sufficient to support a full appeal and subject to a motion for rehearing. Saul v. Basse, 399 So.2d 130 (Fla. 2d DCA 1981); State, Dept. of Citrus v. Griffin, 332 So.2d 54 (Fla. 2d DCA 1976); Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975). We see no logical distinction between attorneys' fees and costs in this context and orders entered on either or both after final judgment are final orders.[1] Therefore, the motion for rehearing is denied.
SCHEB, A.C.J., and GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] We have not overlooked our recent decision in Potucek v. Smeja, 419 So.2d 1192 (Fla.2d DCA 1982). That case dealt with an order granting relief under Fla.R.Civ.P. 1.540. See, Fla.R.App.P. 9.130(a)(1) & (5).