433 So.2d 992 (1983)
Donald B. SMITH, Joanne Smith and Mobile Contractors, Inc., Appellants,
v.
Gilbert WEEDE, Appellee.
No. 82-447.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
Rehearing Denied July 6, 1983.
Harvey B. Hardy, Jr. of Clark & Hardy, P.A., Orlando, for appellants.
Ladd H. Fassett of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.

ON RENEWED MOTION TO DISMISS
Appellee has moved to dismiss the appeal on the basis that the notice of appeal was not filed within thirty days of rendition of the order denying the motion and amended motion to set aside the default.
"Rendition" of an order is defined as the filing of a signed written order with the clerk of the lower tribunal. Fla.R.App.P. 9.020(g). If a timely and authorized motion for rehearing has been filed in the lower tribunal, then the order is not deemed "rendered" until disposition of the motion for rehearing. Id.
Here, the notice of appeal was not filed within thirty days of the order being reviewed, but was filed within thirty days of rendition of the order denying the motion for rehearing. Our inquiry then is directed to whether the motion for rehearing was "authorized.".
Florida Rule of Civil Procedure 1.530, which governs motions for rehearings in trial courts, has been consistently construed to authorize rehearings only on orders and judgments which are final in nature. Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980); Florida Farm Bureau Ins. Co. v. Austin Carpet Service, 382 So.2d 305 (Fla. 1st DCA 1979). The only question for consideration then is whether the order denying the amended motion to set aside the default was final.
Appellants argue that the motion was a post-decretal order, citing Clearwater Federal Savings & Loan Assoc. v. Sampson, 336 So.2d 78 (Fla. 1976), in which the supreme court drew a distinction between orders entered before and after final judgment:
An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Cf. Wagner v. Bieley, [263 So.2d 1 (Fla. 1972)]. Post decretal orders are not true interlocutory orders, and perhaps *993 the term `interlocutory' is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor in that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.
336 So.2d at 78.
Sampson involved an order entered after a final judgment of foreclosure, wherein the trial court ordered that the mortgagee was entitled to certain funds that had been paid into the court's registry. The mortgagor had filed a petition for rehearing directed to this order which was denied by the trial court. The mortgagor then took an appeal from the order, with the notice of appeal being filed within thirty days of the order. The supreme court approved of the district court's decision refusing to dismiss the appeal as untimely, finding that the final post decretal order was subject to a petition for rehearing.
In Khem-Troll, Inc. v. Edelman, 351 So.2d 1040 (Fla. 4th DCA 1976), the court, relying on Sampson, denied a motion to dismiss the appeal. In that case, Khem-Troll has moved to vacate a final judgment pursuant to rule 1.540. The trial court in an order denied this motion and Khem-Troll timely filed a petition for rehearing, which was also denied. Khem-Troll then filed a notice of appeal which was timely as to the order denying rehearing, but was well beyond thirty days after the entry of the order denying the motion to vacate. In denying Edelman's motion to dismiss the appeal, the court stated:
We are here dealing with a `post decretal order' which is dispositive of the question of whether or not the final judgment may be vacated under Fla.R.Civ.P. 1.540. Therefore, because of the holding in the Sampson case, the order denying appellants' motion to vacate is a `final post decretal order' subject to a plenary appeal. It follows, therefore, that appellants' petition for rehearing was proper and that it extended the time for appealing from the `final post decretal order.'
351 So.2d at 1041.
Appellee contends that the order is non-final, citing Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982). Smeja had moved to set aside the judgment pursuant to rule 1.540(b), the court granted the motion and Potucek moved for rehearing. Upon denial, he filed his notice of appeal. Smeja moved to dismiss the appeal arguing that the notice was not timely filed. The Second District agreed, stating:
Florida Rule of Appellate Procedure 9.130 ... unequivocally specifies that orders entered under rule 1.540 constitute nonfinal orders which are subject to review under that rule. Thus, rule 9.130(a)(1) states, `This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts.' Subsection (5) of the rule then reads, `Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.'
Thus, we conclude that there is no provision for seeking a rehearing of an order entered under rule 1.540(b). Potucek's filing of a motion for rehearing, even though the trial court entertained it, did not toll the time for taking an appeal. When the notice of appeal was finally filed, it was untimely.
419 So.2d at 1193-1194.
Appellants argue that Potucek is inapplicable because there the court set aside the default judgment. Appellants note that the traditional test for "finality" is whether judicial labor has come to an end. Florida Farm Bureau Ins. v. Austin Carpet Service, 382 So.2d 305 (Fla. 1st DCA 1979). As the judgment in Potucek was set aside, the judicial labor had not terminated and hence appellants argue that the order was clearly non-final.
*994 While appellants' argument is certainly logical, the court in Potucek did not rely on the test for finality but concluded that all orders entered on motions to vacate final judgments are non-final.
It should be noted that other courts have treated orders denying motions to vacate final judgments as non-final orders. See Maugeri v. Plourde, 396 So.2d 1215 (Fla. 3d DCA 1981) [order denying a motion to set aside a settlement reviewable under rule 9.130(a)(5)]; Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980) [order denying a motion to vacate a final judgment of marriage dissolution under rule 1.540 and a contempt order enforcing support provisions reviewable under rule 9.130(a)(4) and (5)]; Scott v. Walker, 378 So.2d 828 (Fla. 2d DCA 1979) [order denying motion to vacate final judgment in class action suit treated as non-final for purposes of appeal]; Markham v. Thomson McKinnon Sec., Inc., 373 So.2d 709 (Fla. 3d DCA 1979) [interlocutory appeal from order denying motion to set aside final judgment entered after jury trial]; Silverman v. Lichtman, 285 So.2d 632 (Fla. 3d DCA 1973) [interlocutory appeal from an order denying motion for relief from judgment and the final default judgment pursuant to rule 1.540].
As was discussed above, the court in Potucek concluded that the new appellate rules have designated all orders on motions filed pursuant to rule 1.540 as non-final. The specific provision relied upon reads as follows:
Rule 9.130. Proceedings to review non-final orders
(a) Applicability
* * * * * *
(5) Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.
It can be argued that this subsection applies only to orders which are non-final under the traditional test for finality and that final orders on motions filed pursuant to rule 1.540 would be reviewable under rule 9.110. However, while other subsections of rule 9.130 refer again to non-final orders, see, e.g., subsections (a)(1); (a)(2); (a)(3) and (a)(4); subsection (a)(5) does not specifically refer to non-final orders but to "orders on motions... ." The use of the term "orders" without the qualifier "non-final" supports appellee's contention that all orders on motions filed pursuant to rule 1.540 are to be considered non-final.
Under this analysis, all orders on motions to set aside all judgments pursuant to rule 1.540 would be non-final orders. There is also an alternative basis for concluding that the order is non-final based on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). This subsection provides as follows:
(3) Review of non-final orders of lower tribunals is limited to those which:
* * * * * *
(C) determine:
(iv) The issue of liability in favor of a party seeking affirmative relief.
In Doctor's Hosp. of Hollywood v. Madison, 411 So.2d 190 (Fla. 1982), the supreme court held that an order denying a motion to set aside a default judgment is appealable under rule 9.130(a)(3)(C)(iv). As this rule concerns only non-final orders, by implication, the order being appealed must be non-final. The cases cited by appellant, i.e., Sampson and Khem-Troll, were decided prior to the new appellate rules and thus were not covered by the provisions discussed above.
We conclude that the order denying the motion and the amended motion to set aside the default is non-final under either Florida Rule of Appellate Procedure 9.130(a)(5), or 9.130(a)(3)(C)(iv). The motion for rehearing was therefore not authorized and did not toll the time for filing the notice of appeal.
We GRANT the motion and DISMISS the appeal.
DAUKSCH and COBB, JJ., concur.