455 So.2d 1151 (1984)
FIBREBOARD Corporation, Appellant,
v.
Charles E. WARD and Frances Ward, His Wife, Appellees.
No. BA-299.
District Court of Appeal of Florida, First District.
September 19, 1984.
Chester L. Skipper of Lyle & Skipper, St. Petersburg, for appellant.
Wayne Hogan of Brown, Terrell, Hogan & Ellis, Jacksonville, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
Appellant, a defendant below, appeals from an order of the trial court denying its *1152 motion for summary judgment. The summary judgment motion was based upon appellant's assertion that the trial court lacked jurisdiction over its person. Appellees have moved to dismiss this appeal. We find the dismissal motion to be well taken.
Even assuming, without deciding, that the denial of a summary judgment motion raising lack of jurisdiction over the person is an interlocutorily appealable order "determining" jurisdiction of the person within the meaning of Fla.App.R. 9.130(a)(3)(C)(i), the fact is that this appellant had earlier in the litigation raised this same defense by motion to dismiss pursuant to Fla.R.Civ.P. 1.140(b). That motion, along with an accompanying supporting affidavit, was heard and considered by the trial court which subsequently entered an order denying the motion. That nonfinal order was clearly appealable pursuant to Rule 9.130(a)(3)(C)(i). In order to invoke such right of appellate review on an interlocutory basis, the party seeking review must file a notice of appeal within thirty days from the date of the rendition of the order to be reviewed. This defendant failed to do so but, instead, sought later to again raise the same defense by motion for summary judgment. Failure to timely pursue the interlocutory review afforded by the above Rule does not mean that such defendant waives all right of appellate review of such jurisdictional issue but it does mean that such review must await the normal avenue of appeal after final disposition of the case in the trial court, assuming such defendant is the losing party on the merits. See Ward v. Gibson, 340 So.2d 481 (Fla. 3rd DCA 1976); State ex rel. Eli Lilly v. Shields, 83 So.2d 271 (Fla. 1955).
Accordingly, the appellees' motion to dismiss is granted and this appeal is Dismissed.
WIGGINTON, NIMMONS and BARFIELD, JJ., concur.