SCHOONOVER, Judge.
The petitioner, Michael T. Irwin, seeks a writ of prohibition preventing the respondent from setting aside an order denying a motion to vacate. We grant the relief requested.
On June 10, 1983, the trial court entered a final judgment dissolving the marriage of the petitioner, Michael T. Irwin and his wife, Eugina D. Irwin. No appeal was taken from this final judgment.
Several months later, Mrs. Irwin filed a motion to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). On June 10, 1984, the respondent, David Seth Walker, Circuit Judge, in and for Pinellas County, Florida, entered an order denying the motion. No appeal was taken from that order, but five days later *242 the wife filed a motion for rehearing. By letter dated October 16, 1984, the respondent expressed his intention to vacate and set aside the denial of the wife’s motion to vacate.
The petitioner contends that once the respondent entered an order denying the motion to vacate, he did not have jurisdiction to consider a motion for rehearing. We agree.
A motion for rehearing under Florida Rule of Civil Procedure 1.580 may only be filed after the entry of a final order or judgment. Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983). Since an order denying a motion to vacate entered pursuant to rule 1.540(b) is a nonfinal order, the respondent was without jurisdiction to consider the motion for rehearing. Fla.R.App.P. 9.130; Potucek.
Petition for writ of prohibition granted.
GRIMES, A.C.J., and CAMPBELL, J., concur.