515 So.2d 1013 (1987)
James Michael LONGO, Appellant,
v.
Rose LONGO, n/k/a Rose Krebs, Appellee.
No. 87-445.
District Court of Appeal of Florida, First District.
September 29, 1987.
Rehearing Denied December 9, 1987.
*1014 Ronald P. Higbee of Kattman, Eshelman & Maclennan, P.A., Jacksonville, for appellant.
David B. Lee, Jr., Orange Park, for appellee.

ORDER OF DISMISSAL
NIMMONS, Judge.
Longo appeals from a nonfinal order denying his motion to dismiss for lack of in personam jurisdiction. Sua sponte, we dismiss the appeal because our review of the appendix filed with appellant's brief reveals that we are without jurisdiction.
The order denying appellant's motion to dismiss was rendered April 27, 1987. Thereafter, appellant filed a motion for rehearing. The trial court denied the motion for rehearing on May 22. Appellant filed his notice of appeal on June 17, 1987.
Generally, a nonfinal order denying a motion to dismiss for lack of jurisdiction over the person is appealable. Fla.R. App.P. 9.130(a)(3)(C)(i); Fibreboard Corp. v. Ward, 455 So.2d 1151 (Fla. 1st DCA 1984). However, in order to invoke the right of appellate review on an interlocutory basis, the party seeking review must file a notice of appeal within 30 days from the date of the rendition of the order to be reviewed. Fla.R.App.P. 9.130(b).
The appeal in the present case is untimely because, as indicated above, the notice of appeal was not filed until 51 days after the rendition of the subject order. Although appellant's motion for rehearing was filed within 30 days from rendition of the subject order, such motion did not toll the time for filing the notice of appeal. Fla.R.App.P. 9.020(g) provides:
(g) Rendition * * * Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof. (e.s.)
Motions for rehearing are governed by Fla. R.Civ.P. 1.530 which provides in pertinent part:
(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for new trial for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined. (e.s.)
Rule 1.530 has consistently been construed to authorize rehearings only on orders and judgments which are final in nature. Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Florida Farm Bureau Insurance Co. v. Austin Carpet Service, *1015 Inc., 382 So.2d 305 (Fla. 1st DCA 1979). Motions for rehearing directed to interlocutory orders are not authorized under the rules and therefore do not toll the time for the filing of notice of appeal. Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Hubert v. Division of Administration, State Department of Transportation, 425 So.2d 671 (Fla. 2d DCA 1983); Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983).
It should be noted that dismissal of this appeal does not bar future appellate review of the issue sought to be raised herein. However, such review must await the normal avenue of appeal after final disposition of the case in the trial court. See Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Fibreboard Corp. v. Ward, 455 So.2d 1151 (Fla. 1st DCA 1984).
DISMISSED.
MILLS and ERVIN, JJ., concur.