588 So.2d 671 (1991)
Danny FREEMAN, Patty Freeman, et al., Appellants,
v.
Loretta PERDUE, et al., Appellees.
No. 91-1412.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
Charlotte I. Hunter, Ocala, for appellants.
Mark D. Shelnutt, P.A., Ocala, for appellee Loretta Perdue.
COBB, Judge.
We dismiss this appeal based on a lack of jurisdiction. On or about April 25, 1991, the trial court rendered a non-final order denying a motion to dissolve an injunction. Fla.R.App.P. 9.130(a)(3)(B). On May 3, 1991, Freeman, et al. (hereinafter Freeman) filed a motion for rehearing specifically pursuant to Rule 1.530, Florida Rules of Civil Procedure, which deals in part with rehearings directed to "judgments." Finally, on May 23, 1991, the trial court denied Freeman's motion for rehearing and Freeman filed a notice of appeal on June 21, 1991.
It is well established that there is no provision in the Florida Rules of Civil Procedure for a motion for rehearing directed to an interlocutory order. Rule 1.530(a) and (b), Florida Rules of Civil Procedure, authorizes the filing of motions for rehearing on matters heard without a jury only to judgments rendered by the court and not to interlocutory orders. Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980); Business Cards Tomorrow, Inc. v. Advisory Board, Inc., 379 So.2d 473 (Fla. 4th DCA 1980); Home News Publishing Company v. U-M Publishing, Inc., 246 So.2d 117 (Fla. 1st DCA 1971).
In the instant case, the notice of appeal was not timely. The order denying Freeman's motion to dissolve the injunction was clearly an interlocutory order and a motion *672 for rehearing directed to such an order does not operate to toll the time for the filing of an interlocutory appeal.
APPEAL DISMISSED.
GRIFFIN and DIAMANTIS, JJ., concur.