593 So.2d 308 (1992)
Darryl Allen GRIFFIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1993.
District Court of Appeal of Florida, First District.
January 28, 1992.
Jefferson W. Morrow of David & Morrow, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles T. Faircloth, Asst. Atty. Gen., for appellee.
PER CURIAM.
Darryl Griffis filed a motion in the lower tribunal pursuant to Florida Rule of Criminal Procedure 3.800, seeking correction of his allegedly illegal sentence. The motion was denied on February 27, 1991. Griffis filed a motion for rehearing on March 8 which was denied by order filed June 5. The notice of appeal was filed with the clerk of the lower tribunal on June 18, 1991.
Appellee moves for dismissal of this appeal, arguing that the order to be reviewed in this case is the denial of the 3.800 motion, not denial of the motion for rehearing. Thus, according to appellee, the notice of appeal was untimely and this court lacks jurisdiction over this appeal. Appellant opposes dismissal, essentially arguing that his motion for rehearing postponed the time for filing the notice of appeal.
We find that this appeal should be dismissed, although not for the reasons advanced by appellee. A notice of appeal must, of course, be filed with the clerk of the lower tribunal within 30 days of rendition of an order in order to invoke appellate jurisdiction. Nevertheless, "[w]here there has been filed in the lower tribunal an authorized and timely motion for ... rehearing ... the order shall not be deemed rendered until disposition thereof." Fla. R.App.P. 9.020(g). If appellant's motion for rehearing was both timely and authorized, it would postpone rendition of the order and his notice of appeal would be timely. The motion for rehearing was filed 9 days after filing of the order and was clearly timely under any applicable standard. We find, however, no authority for a motion for rehearing on an order disposing of a 3.800 motion. Rule 3.800 itself and the Florida Rules of Criminal Procedure in general are silent on the question, in contrast to Rule 3.850 which expressly provides for rehearing motions. In the absence of clear authorization for a motion for rehearing, the motion did not postpone *309 rendition of the order. See In the Interest of E.P., 544 So.2d 1000 (Fla. 1989); Longo v. Longo, 515 So.2d 1013 (Fla. 1st DCA 1987). It therefore follows that the notice of appeal filed on June 18, 1991, was untimely as to the order of February 27, and this court lacks jurisdiction of this cause. Accordingly, we grant the motion and dismiss the appeal.
WIGGINTON, ALLEN and WOLF, JJ., concur.