W. SHARP, J.,
concurring specially.
I agree with the result in this case, but for different reasons. Whether the motion for rehearing was late by one day is immaterial. It would not have changed the result in this case even had it been timely. Thus, that is not the proper hook upon which to hang this cloak.
The record in this case shows that in 1992, James Perldns was charged with a crime or crimes. He obtained a $100,000 bond from Amwest Surety Insurance Company, through *409 A. Tomlinson’s Bail Bond Company. Perkins later committed suicide. Initially, the trial court forfeited the bond.
Tomlinson filed a motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540, arguing that Perkins’ suicide rendered the imposition of sentence unnecessary and that justice had not been thwarted. The trial court granted the motion on October 14, 1996, and ordered the funds forfeited pursuant to the bond, be returned to Amwest.
On October 24, 1996, Orange County filed a motion to stay the order granting relief on the ground that it had not received a copy of it and thus the county was unable to file an appeal or motion for rehearing. On the same day, October 24, 1996, the trial judge granted the stay for ten days or until Orange County obtained a copy of the order, whichever was earlier.
On November 5,1996, Orange County filed a motion for rehearing. Amwest filed a motion to strike the motion for rehearing on the ground that it was untimely. It was denied. A successor to the original trial judge reserved ruling on the motion to rehear, and on April 11, 1997, he granted the motion for rehearing. In this proceeding Amwest is appealing from that order.
Orders rendered pursuant to rule 1.540(b), whether they grant relief from a judgment or deny it, are considered non-final[1] and ap-pealable pursuant to Florida Rule of Appellate Procedure 9.130. See Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Irwin v. Walker, 468 So.2d 241 (Fla. 2d DCA 1984). This has at least two consequences which should be fatal for Orange County in this case.
The first consequence is that a motion for rehearing is unauthorized and does not toll the time in which to file a notice of appeal, after the order is rendered pursuant to rule 1.540(b). Intercoastal Marina Towers v. Suburban Bank, 506 So.2d 1177 (Fla. 4th DCA), rev. denied, 518 So.2d 1275 (Fla.1987); Ramos v. State, 456 So.2d 1297 (Fla. 2d DCA 1984); Potucek. Orange County did not file a notice of appeal concerning the order granting relief pursuant to rule 1.540(b).
The second consequence is that a trial court does not have jurisdiction to rule on the motion for rehearing once it grants relief pursuant to rule 1.540(b). Thornton v. Jabeen, 688 So.2d 150 (Fla. 3d DCA 1996); Irwin. Under Florida Rules of Civil Procedure, there is no provision for seeking rehearing of an order entered pursuant to rule 1.540(b). Potucek.
Thus I conclude that the trial court in this case lacked jurisdiction to consider and grant Orange County’s motion for rehearing. Its ruling is a nullity. We should therefore treat Amwest’s appeal in this ease as a petition for prohibition and grant the petition, reinstate the order granting relief pursuant to rule 1 .540(b) and quash the order granting rehearing, barring the trial court from acting further in this cause without jurisdiction.

. Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983); Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982).