783 So.2d 319 (2001)
Richard James DEAL, Appellant,
v.
Cynthia Ann Holloway DEAL, Appellee.
No. 5D00-3731.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
Rehearing Denied May 9, 2001.
James L. Homich, Mt. Dora, for Appellant.
Lennon E. Bowen, III of Bowen & Campione, P.A., Eustis, for Appellee.

ON MOTION TO DISMISS
SAWAYA, J.
The appellee, Cynthia Deal, filed a motion to dismiss this appeal pursuant to Florida Rule of Appellate Procedure 9.110(m) arguing that the order under review is not appealable because it is not final. The order emanated from dissolution of marriage proceedings in the trial court and, although the record we have to review is quite sparse, it apparently awards temporary parental responsibility of the parties' child to the mother, the appellee, pending final resolution of the dissolution proceedings. The order also places restrictions on the visitation rights of the father, Richard Deal, the appellant in the instant proceedings.
The order, dated August 14, 2000, was followed by a motion for rehearing filed by the appellant on August 24. On September *320 12, the trial court entered its order granting the appellant a hearing to determine whether newly discovered evidence existed and, if so, whether a rehearing was warranted. Next, the trial court entered an order dated October 26, requiring the appellant to pay to the appellee temporary child support and ordering the parties to set a hearing to resolve the issues of attorney's fees and permanent child support. Finally, on November 29, the trial court entered an order finding that there was no newly discovered evidence and denied the appellant's motion for rehearing. The appellant filed his notice of appeal on December 22, 2000.
The issue we must resolve in determining whether to grant or deny the motion to dismiss is whether the order awarding primary residential responsibility to the appellee is an appealable order, and if so, whether the notice of appeal was timely filed. The order is a non-final order which determines child custody in a domestic relations matter and may be appealed pursuant to rule 9.130(a)(3)(C)(iii), Florida Rules of Appellate Procedure. See Shaw v. Shaw, 696 So.2d 391 (Fla. 4th DCA 1997) (addressing an appeal by the husband from a non-final order which granted the wife temporary primary residential custody of the parties' minor child and allowed her to temporarily relocate out of state); Brandenburg v. Brandenburg, 634 So.2d 315, 315 (Fla. 4th DCA 1994); Wolfson v. Wolfson, 455 So.2d 577, 578 (Fla. 4th DCA 1984); see also Garone v. Parks, 668 So.2d 307, 307 (Fla. 4th DCA 1996). We must next determine whether the notice of appeal was timely filed by the appellant to confer jurisdiction on this court to review the trial court's order.
Jurisdiction is bestowed upon an appellate court to review a non-final order determining child custody in a domestic relations matter when an appellant files a notice of appeal with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed. Fla. R.App. P. 9.130(b). "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R.App. P. 9.020(h). However, rendition is suspended by a timely motion for rehearing provided the motion is authorized by the Florida Rules of Civil Procedure. Id.; Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third Dist., 511 So.2d 293 (Fla. 1987); Casto v. Casto, 404 So.2d 1046 (Fla. 1981); Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1 (Fla.1972); Remington v. Remington, 705 So.2d 920 (Fla. 4th DCA 1997). Because an unauthorized motion for rehearing does not toll the time, we must determine whether the motion for rehearing filed by the appellant in the instant case was authorized by the Florida Rules of Civil Procedure.
The pertinent provision of the Florida Rules of Civil Procedure provides that "[a] motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a nonjury action." Fla. R. Civ. P. 1.530(b). In Wagner, the supreme court construed the term "judgment" to mean a final judgment rendered by the court.
A literal interpretation of [Rule 1.530] would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then *321 its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.
Wagner, 263 So.2d at 3 (quoting Home News Publ'g Co. v. U-M Publ'g, Inc., 246 So.2d 117 (Fla. 1st DCA 1971)). Rule 1.530 has been consistently construed to authorize rehearings only of orders and judgments which are final in nature. Longo v. Longo, 515 So.2d 1013 (Fla. 1st DCA 1987); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980); Florida Farm Bureau Ins. Co. v. Austin Carpet Serv., Inc., 382 So.2d 305 (Fla. 1st DCA 1979); see also Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982).
We conclude, therefore, that a motion for rehearing directed to a nonfinal order, such as the order in the instant case, is not authorized under the rules and does not toll the time for filing the notice of appeal. See Bennett v. Bennett, 645 So.2d 32 (Fla. 5th DCA 1994); Freeman v. Perdue, 588 So.2d 671 (Fla. 5th DCA 1991); see also Wagner; National Assurance Underwriters, Inc. v. Kelley, 702 So.2d 614 (Fla. 4th DCA 1997); Nationwide Ins. Co. v. Forrest, 682 So.2d 672 (Fla. 4th DCA 1996); Longo; Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983).[1]Hubert v. Division of Admin., State Dep't of Transp., 425 So.2d 671 (Fla. 2d DCA 1983); Potucek. Here, the notice of appeal was not filed within thirty days of the order being reviewed, but was filed within thirty days of rendition of the order denying the appellant's motion for rehearing. Thus the notice of appeal filed in the instant case is untimely and does not confer on this court jurisdiction to hear this appeal.
Accordingly, this appeal must be dismissed. This result does not bar future appellate review of the issue raised in these proceedings. However, such review must await the normal avenue of appeal after final disposition of the case in the trial court. See Wagner, Longo; Fibreboard Corp. v. Ward, 455 So.2d 1151 (Fla. 1st DCA 1984).
APPEAL DISMISSED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] This court in Smith concluded that the order under review in that case was non-final based on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) and held, "As this rule concerns only non-final orders, by implication, the order being appealed must be non-final." Smith, 433 So.2d at 994. The court further held that "[t]he motion for rehearing was therefore not authorized and did not toll the time for filing the notice of appeal." Id. We likewise conclude that since rule 9.130(a)(3)(C)(iii) authorizes appellate review of an order granting the right to immediate child custody in family law matters as a non-final order, by implication the order in the instant case is a non-final order.