PER CURIAM.
Fred Steve Palilla seeks a belated appeal of ah order denying his motion to correct illegal sentence, alleging that despite his request to appeal any adverse ruling, his counsel did not do so and instead filed a motion for rehearing. When rehearing was denied, counsel advised Pal-illa that he had 30 days to initiate an appeal, but contrary to counsel’s apparent belief, the motion for rehearing did not toll the time for instituting an appeal. See Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992). As a result, although Palilla complied with his counsel’s advice to appeal within 30 days, his pro se notice of appeal was found to be untimely. See Palilla v. State, 776 So.2d 1027 (Fla. 1st DCA 2001).
The state opposes the petition, showing that it has contacted Palilla’s former counsel, who states that his recommendation to seek rehearing was approved by Palilla and that Palilla did not ask him to file a notice of appeal. Based on these representations, the state contends that an evidentiary hearing is required. We conclude, however, that an evidentiary hearing is not necessary. Even assuming Palilla acceded to his counsel’s recommendation, it seems apparent (and the state does not allege otherwise) that counsel did not explain that awaiting a ruling on the motion for rehearing might result in a loss of the right to appeal. In fact, the state concedes that Palilla was misinformed concerning the time limits for invoking his appellate remedies, and in light of this affirmative misadviee on counsel’s part, we determine that the granting of a belated appeal is warranted.
Accordingly, the petition seeking a belated appeal of the order rendered on or about June 15, 2000, denying petitioner’s motion to correct illegal sentence in Duval County Circuit Court case number 97-3280-CA, is granted. Upon filing with the lower tribunal, this court’s mandate in this cause shall be treated as the notice of appeal. See Fla. RApp. P. 9.141(c)(5)(D).
WEBSTER, DAVIS and BENTON, JJ., concur.